No. 18.—ELIJAH BUTTS and others, plaintiffs in error, *vs.* RALPH S. CUTHBERTSON, defendant.

[1.] In suing out proceedings under the Act of 1841, giving liens to boat-hands, captains, &c., it is not necessary for the petitioner to aver in his affidavit that the boat was in the act of traversing the river when the services were rendered; it will be sufficient to state generally that she was engaged in navigating the river.

[2.] He should aver or show by what he states, that his claim is prosecuted within twelve months from the time it fell due.

[3.] The affidavit should aver, that a demand has been made upon the owners of the boat or other water-craft, or their agent, personally, should name them—and aver refusal to pay.

[4.] The judgment should be entered up against the owners as well as the boat herself.

[5.] It is necessary that the affidavit state that the boat had arrived at the landing, port or place of destination to which she had been freighted.

[6.] It is not competent, after judgment upon such proceedings, to amend by substituting an entirely new affidavit and petition.

Motion to quash *fi. fa.* before Judge WARREN, at Chambers.

The plaintiffs and defendant were creditors who had sued out and foreclosed their liens upon the steamboat Magnolia, under the Act of 1841, giving to certain persons a lien on steamboats and other water-craft navigating certain specified rivers, for provisions and wood furnished and services rendered.

The provisions of this Statute are as follows :—

SEC. 1. From and immediately after the passage of this Act, all persons employed, either as captain, pilot, engineer, first or second mate, fireman, deck-hand, or in any other capacity whatsoever, on all steamboats and other water-craft engaged in the navigation of the Chattahoochee, Altamaha, and Ocmulgee rivers, for any debt, dues, wages or demands, that he, she or they may and shall have against the owner or owners of said steamboat, or other water-craft, for personal services done, rendered or performed on board the same, and for wood and provisions, shall have an exclusive lien on said steamboat or other water-craft, against the owner or owners thereof, superior in dignity to, and of higher claim than all other incumbrances, no matter of what nature or sort the same may be.

SEC. 2. Whenever any captain, pilot, engineer, first or second mate, fireman, deck-hand, or any other person employed on any steamboat or other water-craft, navigating and running on the Chattahoochee river, shall have any claim or demand against the owner or owners of said steamboat or water-craft, for services rendered on board the same, and shall be desirous of collecting the same, upon the said debt becoming due, and refusing to pay the same upon demand made, he, she or they may, upon application to any Judge of the Superior Court, or Justice of the Inferior Court in any County in which said steamboat or water-craft

Butts and others *vs.* Cuthbertson.

may then lie, upon the same arriving at the landing, port or place of destination to which the same has been freighted, make affidavit before him of the amount due him, her or them, for any labor or services by him, her or them done and performed on board of any steamboat or other water-craft, and specify the name thereof; whereupon the said Judge or Justice of the Inferior Court shall grant an order to the Clerks of their respective Courts, as the case may be, requiring said Clerk to enter up judgment upon said affidavit in favor of said applicant for the amount sworn to be due ; and it shall be the duty of said Clerk to issue, instanter, an execution therefor, against the owner or owners of said steamboat or other water-craft, and also against said steamboat or other water-craft, to be directed to the Sheriff of said County, whose duty it shall be forthwith to levy said execution upon said steamboat or other water-craft, and advertise and sell the same, under the same rules and regulations as govern Sheriff's sales in other cases."

The steamboat Magnolia was sold by the Sheriff for $3100, and, on a motion to distribute the money, an order was taken to hear all questions before Judge WARREN, at Chambers.   On the hearing, the Steamboat Company, by their attorney, Henry Morgan, who was also attorney for one of the largest creditors, moved to quash the *fi. fa.* in favor of Ralph S. Cuthbertson, upon the following grounds :

1. It does not set forth the fact, by any positive averment, or by implication, that the services rendered, were rendered on board the said boat while she was engaged in the navigation of Flint river, or any other river in the State of Georgia.

2. That there is no averment that the amount claimed (one thousand six hundred and eighty-seven dollars and eighty-eight cents) has been due and payable within the twelve months last previous to the commencement of the said suit, or that it ever was due and payable.

3. That the affidavit does not show that any legal demand was made of the Flint River Steamboat Company.

4. That neither the affidavit, nor the process, show the names of the owners of the boat, nor any of them.

5. That the affidavit does not show that the boat had arrived at a landing, point or place of destination to which she was last freighted.

6. That the affidavit does not show that payment was refused by said Flint River Steamboat Company.

7. That the judgment is against the steamboat Magnolia, and not against the owners.

The affidavit is in the following terms:

" GEORGIA, BAKER COUNTY:

"Personally came before me, LOTT WARREN, Judge of the Superior Court, in and for the Southwestern Circuit, &c., Ralph S. Cuthbertson, who, after being duly sworn, deposeth and saith, that the owners of the steamboat Magnolia, a craft navigating Flint river in said State, are indebted to this deponent in the sum of $1,687 88, for services rendered on board said boat as principal engineer, as per bill and account stated, hereunto annexed; that said boat has discharged her freight and laid up at or near Rope Work Shoals, on said Flint river, in the said County of Baker; and that the amount aforesaid has been demanded from the owners of said boat, as well as her captain, Albert G. Butts, within the last twelve months.

"R. S. CUTHBERTSON.

" Sworn to and subscribed before me, this 5th July, 1848.

LOTT WARREN, Judge S. C. S. W. C."

To this affidavit was annexed an account current between R. S. Cuthbertson and the steamer Magnolia, made out by the captain, and certified by him to be correct, showing the amount stated in the affidavit to be due to said Cuthbertson.

The Court overruled the motion to quash the *fi. fa.*, to which decision Elijah Butts and said Company, by their counsel, excepted.

Upon motion, the Court granted leave to the counsel for R. S. Cuthbertson to amend the pleadings in the said cause, so as to meet the objections made by counsel.

To which order and decision the said counsel excepted.

. H. MORGAN, for plaintiff in error, cited the following authorities: *Robinson vs. Steamer Lotus and others*, 1 *Kelly*, 317. *Drome vs. Stimpson*, 2 *Mass.* 441, 4.   *Soper vs. Harvard College*, 1 *Pick.* 177.   *Bath vs. Fresport*, 5 *Mass.* 325.   *Williams vs. Hingham Turnpike*, 4 *Pick.* 341.

E. PLATT, for defendant.

Butts and others *vs.* Cuthbertson.

*By the Court.*—NISBET, J. delivering the opinion.

The Act of 1841, which allows liens to certain persons employed on board steamboats and other water-craft, *engaged in* the navigation of certain rivers, is in derogation of common right, and must be construed strictly. So construed, those who institute proceedings under it, are to be held in the pleadings to bring themselves within all its conditions. All the exceptions taken in this case but one, depend upon this requirement. Our duty is, therefore, chiefly by a comparison of the affidavit of the petitioner for the lien, with the Act, to determine whether, in the particulars specified in the assignment, the defendant in error has brought himself within its provisions.

[1.] It is claimed as error in the Court below, that it was held that the affidavit of the defendant *did* sufficiently set forth that the services claimed to have been rendered, were rendered on board the *Magnolia, whilst engaged in navigating the Flint river.* The Act requires that the person suing out the lien, shall be employed on board the boat *navigating and running* on the river. The affidavit states, that the owners of the steamboat *Magnolia, a craft navigating Flint river*, are indebted to them, &c. We hold this sufficient. The construction of the plaintiff in error is, that the services must be rendered on board the boat whilst in the *act of traversing* the river. We do not think so, but believe that the language of the Act relates to boats, &c., engaged, as a business, (for a season for example,) in navigating the river, and applies to them, whether in motion, or at rest temporarily. And in this particular we sustain the Court below.

[2.] The 2d objection to the pleadings is, that it does not appear from them, that the claim was prosecuted within twelve months from the time it fell due. The presiding Judge overruled this objection, and thereon exception is taken.

The Statute requires the claim to be prosecuted within twelve months from the time it is due, and the affidavit is silent as to this matter, but refers to a bill of particulars, which it is said is to be taken as part and parcel of it, and from which, it is said, it appears that the proceedings were instituted within twelve months from the time the claim was due. We hold the account referred to as part of the pleadings, and if it showed the required fact, the

objection would be well answered. But it does not; that is, only in part. One of the divisions of the account current, it appears, bears date less than twelve months earlier than the date of the institution of the proceedings. That part of the account amounts to some six hundred dollars. As to that sum, so far as this exception is concerned, the proceedings comply with the Statute; as to the remainder of the claim, they are insufficient.

[3.] The 3d exception is taken upon the refusal of the Court below to sustain this objection to the affidavit, to wit: that it does not show that a legal demand was made upon the owners of the boat. The law requires that a demand should be made for the debt, upon the owners of the boat; and the affidavit states that demand was made upon the owners of the boat, and also upon her captain, *Albert G. Butts.* The objection goes upon the ground, that there ought to be a personal demand upon the owners or their agent, and that the affidavit ought to state that it was so made, and name the owners or the agent. We think the objection well taken.

The Statute is very stringent against owners. The proceeding is summary, and partakes very much of an *ex parte* character. The right of defence is limited. The owners are not served with process—are not notified to appear and defend. The only substitute for this is, the demand which is required as a preliminary step to taking out the proceedings. It ought, therefore, to be a personal demand upon the owners or their agent, and who they are, or who he is, ought to appear. The averment as to the demand, ought to be stated in such form, with such distinctness that an issue may be formed on it. We therefore sustain this exception.

In connection with this exception, I consider another, which is *founded* on the refusal of the Court below to sustain this objection to the affidavit, to wit: that it contains no averment that the owners *refused to pay* upon demand. The Statute makes the demand and *refusal* preliminary to the suing out the proceeding to recover the debt, and the affidavit says nothing about it. Demand alone is not enough. The Statute makes the right to the lien to depend upon a refusal, and that must be averred. For aught that is apparent from the pleadings, the owners of this boat were not only willing, but importunate, to pay, and that the proceed-

ing against them is merely vexatious. It is enough to say, however, that the Statute requires a demand and *refusal*.

[4.] The 5th exception is to the judgment of the Court, that it was not necessary for the judgment to be entered up against the owners as well as the boat. We think it is necessary, because the Act makes it necessary. After the judgment is taken, the Clerk is required to issue execution against the *owners* and also against the *boat*. Execution must be founded on a judgment.

[5.] The Court ruled the affidavit sufficient as to the averment that the boat had arrived at a *landing*, *port* or *place* of *destination* to which it was freighted, and that is excepted to. In relation to this matter, the affidavit sets forth, that the boat "had discharged her freight and laid up at or near Rope Work Shoals, on said Flint river, in the said county of Baker." The Act authorizes proceedings against the boat and her owners, "in any County in which said steamboat or water-craft may then lie, *upon the same arriving at the landing, port or place of destination to which the same has been freighted.*" The affidavit does not, in this particular, conform to the Statute. It should have stated that the place at which she had laid up, and where she had discharged her freight, was either the landing, the port, or the place of destination to which she had been freighted. There is a reason for this. The Legislature, no doubt, intended by this provision to prevent the stoppage of the boat in passing. A power in any boat-hand, captain, pilot, engineer, first or second mate, fireman, or any other person employed on a steamer, to arrest her in any County, whilst passing to her place of destination, would be not only oppressive to owners, but unjust to the owners of freight, and in restraint of navigation and commerce. The place at which this boat is stated to have laid up, may or may not have been her place of destination. She may have stopped and discharged her freight temporarily, from low water, or some other of the causes which are well known to hinder the navigation of our smaller streams. In this regard, we think the Court was in error.

[6.] A motion was made in the Court below to amend the pleadings in this case, and the Court said the petitioner could amend any and every defect, even to the extent of substituting an entire new affidavit, petition, &c. This was after judgment, and pending a motion to set it aside. I know of no proceeding in Law or

Equity where the doctrine of amendment can be carried to this extent. Let the judgment be reversed.