Porter *vs.* Lively & McElroy.

J. H. PORTER, plaintiff in error, *vs.* LIVELY & McELROY, defendants in error.

1. Where the owner of a steam saw-mill seeks to enforce his lien for lumber, furnished under the Act of 1868 and the Amendatory Act of 1870, he should state, in his affidavit, that his steam saw-mill is located in the State of Georgia.

2. When the lumber has been furnished to a party in possession of the premises, for the erection of buildings and permanent fixtures thereon, who afterwards assigns and transfers the premises, the demand for payment of the lumber should be made on both the party to whom it was furnished and the party in possession of the premises on which the buildings and other fixtures have been erected with the plaintiff's lumber.

Lien. Pleadings. Demand. Before Judge HOPKINS. Fulton Superior Court. October Term, 1872.

Lively & McElroy made affidavit that they were owners of a steam saw-mill, without stating where it was; that they furnished, in May, 1870, certain lumber to one Mobley, with which he built certain fences, etc., on certain land therein described, and that they had demanded payment, but it was refused, without stating upon whom the demand was made. *Fi. fa.* issued and was levied upon said land.

Porter stopped the *fi. fa.* by an affidavit, that when the lumber was furnished, Mobley held the land under a bond for titles from him (Porter), who had the title; that Mobley never paid any part of the agreed purchase-money, for said land, and in December, 1870, he and Porter rescinded said contract. And he insisted that, under the facts, Mobley could not create a lien on the premises.

When the cause came on for hearing, Porter's counsel moved to dismiss the levy, because the affidavit did not state that the mill was in this State, nor upon whom said demand for payment was made. This was overruled. Upon motion of plaintiff's counsel, the Court then dismissed Porter's affidavit, upon the ground that *he* could not stop the *fi. fa.* by counter-affidavit. This is assigned as error.

NEWMAN & HARRISON, for plaintiff in error.    Acts of 1868, p. 31 ; 30 Ga. R., 474, paragraph 7.

C. F. AKERS, for defendant.    Lien attaches without regard to title of the land : R. Code, section 1959 ; 39 Mo. R., 165 ; 2 McCarter's R., 11 ; 9 Cal. R., 119.

WARNER, Chief Justice.

On the 10th March, 1871, an execution was issued on an affidavit made by Lively & McElroy, the owners of a steam saw-mill, to enforce a lien for lumber sold and furnished to one Mobley, of the value of $62 92, which lumber was to fence and enclose the place, and to build a stable or cow-house on the lot, upon which Mobley then resided, and claimed, as the owner; that the money was due for the lumber since the 10th day of May, 1870, that demand had been made for the payment of the same, which was refused, but did not state on whom the demand for the payment of the lumber was made and refused, nor did the affidavit state that the plaintiff's steam saw-mill is located in the State of Georgia. The execution was levied on the property described in the affidavit, by the sheriff.    Afterwards, an affidavit was filed by Porter, claiming to be the owner of the premises on which the fixtures were erected, with the lumber furnished by the plaintiffs to Mobley, denying their lien for the following reasons : That Mobley held the premises under a bond for title from him ; that he is the legal owner of the same; that no part of the purchase-money therefor had been paid ; that about the 1st December, 1870, the contract for the sale of the land, between him and Mobley, was rescinded, he taking up his bond, first paying to a party to whom Mobley had pledged his bond, the sum of $592 95, when Mobley gave up to Porter all right and claim to the premises.    On the trial of the case, it was agreed by the respective parties to submit the questions involved in it to the presiding Judge without the

Porter *vs.* Lively & McElroy.

intervention of a jury. The counsel for Porter made a motion to dismiss plaintiffs' affidavit, because it was not alleged therein that their steam saw-mill was located in the State of Georgia, and because the affidavit of the plaintiffs did not state on whom the demand for payment was made. The Court overruled the motion to dismiss plaintiffs' affidavit, and, on motion of plaintiffs' counsel, dismissed Porter's affidavit, on the ground that he had no right to arrest the proceedings, under the plaintiffs' *fi. fa.*, in the manner which he sought to do; whereupon the defendant, Porter, excepted.

1. In our judgment, the plaintiffs should have made a demand of payment for the lumber, not only of Mobley, to whom the lumber was furnished, but also of Porter, the assignee of Mobley, if he was in possession of the premises, on which the fixtures were erected, with their lumber, which had not been paid for, and should have alleged a refusal to pay for the same on the part of both.

2. As these summary remedies are to be strictly construed, the plaintiffs should have alleged, in their affidavit, that their steam saw-mill was located in the State of Georgia, inasmuch as the lien is only given to the owners of steam saw-mills located in this State, by the Act of 1868, and the Amendatory Act of 1870. If a demand had been made on Porter for payment of the lumber, and payment refused, with an averment that he was in possession of the premises, then he would have been a proper party to have made the counter-affidavit, contesting the plaintiffs' lien. Let the judgment of the Court below, be reversed.

Judgment reversed.