Z. W. Anderson, plaintiff in error, *vs.* E. D. Beard, defendant in error.

The affidavit upon which the foreclosure of a crop lien is based must contain an express averment that a demand for the payment of the debt, after its maturity, has been made on the owner of the property, his agent or lessee, and that he has refused to pay the same.

Lien. Demand. Factors. Before Judge POTTLE. Wilkes Superior Court. May Adjourned Term, 1874.

For the facts of this case, see the decision.

COLLEY & SIMS, for plaintiff in error.

W. M. & M. P. REESE, for defendant.

WARNER, Chief Justice.

This was a proceeding in the court below on the foreclosure of a crop lien by the plaintiff against the defendant, Beard. The plaintiff made his affidavit of foreclosure, and the defendant filed his counter-affidavit. When the case came on to be heard, the defendant made a motion to dismiss the plaintiff's proceedings in the case, on the ground that no sufficient demand was averred in the affidavit of foreclosure, which motion was sustained by the court, and the plaintiff excepted. It appears from the record that the plaintiff alleged in his affidavit "that said sum so secured by lien became due 1st of November, 1873; that payment of the same has been demanded, and neglected, and refused, and that he now comes within one year after the same became due, and makes his affidavit," etc. The 1991st section of the Code, providing for the foreclosure of liens of this description on personal property, declares that " there *must* be a demand on *the owner*, agent, or lessee of the property, for payment, and a refusal to pay, and such demand and refusal *must* be averred." Before this summary proceeding can be had against the property of the defendant, the plaintiff must make a demand on him as the owner thereof, his agent, or lessee, for payment of the debt claimed to be due, and the plaintiff must aver that fact in his affidavit, and that the defendant has refused to pay it. The demand for payment of the debt claimed to be due, on the owner of the property and his refusal to pay it, is the only notice which the statute requires before his property is seized and advertised for sale in satisfaction thereof, and therefore

these facts must be clearly and distinctly averred by the plaintiff in his affidavit. It must be distinctly averred in the affidavit, that the demand for payment of the debt claimed to be due, has been made on the defendant as the owner of the property, his agent, or lessee, and his refusal to pay the same after the debt becomes due, to entitle the plaintiff to his summary remedy under the statute. The averment in the plaintiff's affidavit in this case is, that payment of the sum secured by him, has been demanded, and neglected, and refused. Demanded of whom? Neglected and refused by whom? The affidavit does not state, nor does it state whether the demand of payment of the debt was made before or after it became due. But it is said that it may fairly be implied from the words of the affidavit that the demand was made on the defendant, the owner of the property. The reply is, that the statute does not allow that fact to be ascertained by *implication*, but distinctly declares, it *must* be averred, that is to say, it must be averred in the plaintiff's affidavit that a demand for the payment of the debt after it became due, has been made on the owner of the property, his agent, or lessee, and that he has refused to pay the same. The court below did not err in giving to this statute a *strict* construction, in accordance with the repeated rulings of this court, and in dismissing the plaintiff's affidavit and the proceedings founded thereon.

Let the judgment of the court below be affirmed.