A. M. MOORE, plaintiff in error, *vs.* WILLIS MARTIN, defendant in error.

A. M. MOORE, plaintiff in eror, *vs.* WILLIAM BRYANT, defendant in error.

1. Whilst the affidavit to foreclose a merchant's lien for fertilizers must show that it is prosecuted within one year after the debt becomes due, yet the averment in the affidavit meets fully the requirement of the statute, if it alleges that the debt was contracted on the 27th of February, 1874, for fertilizers furnished that year, and that it fell due on the 1st of November, 1874, and the affidavit itself was made on the 25th of November, 1874. These figures appearing on the face of the affidavit, which is the commencement of the prosecution of foreclosure, make it as certain as figures can, that the prosecution is within one year after the debt became due.

2. The demand and refusal to pay averred in plaintiff's affidavit, may be traversed and denied by defendant's counter-affidavit, and form an issue to be tried, and, if found against the plaintiff, his right to foreclose the lien fails.

BLECKLEY, Judge, concurring.

Demand for payment does not affect the amount or the justice of the claim, or the existence of the lien. It is a step in the remedy, and is not in order until after the right has become perfect. When demand is duly averred in the creditor's affidavit, the law treats it as established, and has made no provision for traversing or contesting the averment. The defenses which may be urged by counter-affidavit are such as bar the proceeding, in whole or in part, and not such as merely abate it.

Liens. Foreclosure. Pleadings. Before Judge CRAW-FORD. Terrell Superior Court. November Term, 1876.

These two cases were argued together. They are reported in the opinion.

JOHN T. CLARKE; J. H. GUERRY, for plaintiff in error.

C. B. WOOTEN; PARKS & PARKS, for defendants.

JACKSON, Judge.

1. In this case the defendant demurred to the affidavit of foreclosure, on the ground that there was no express aver-

ment that the prosecution of the lien began in one year after the debt fell due. The affidavit did state distinctly that the debt was contracted on the 27th of February, 1874, for fertilizers for the year 1874, and that the debt fell due on the 1st of November, 1874, and this affidavit was made before Judge Kiddoo on the 25th of November, 1874. The court below sustained the demurrer, and dismissed the case. We think that the court was wrong. The figures show conclusively and to an absolute certainty, that the affidavit which commenced the prosecution of the foreclosure of this lien, was made twenty-five days after the debt became due, which is, of course, within the year. This court has never held that the fact of beginning within one year must be written in words. It is enough if the dates in figures show it. Indeed, the statement that it is commenced within one year would be a mere conclusion from the dates, and if the dates showed the contrary, the dates should rule. It is the better pleading to set out the facts—especially dates—and thus show clearly that the case is brought within time. The cases in 54 *Ga.*, 137, and 167, do not militate at all against this view, which seems to us very clear; and the case in 6 *Ga.*, 159, fully sustains us.

2. The defendant traversed the affidavit to foreclose by denying that any demand was ever made upon him, and plaintiff demurred to the counter-affidavit to that point, on the ground that the statute does not permit the defendant to controvert the fact sworn to by plaintiff, that he had demanded payment and it was refused. The court held that the defendant had the right to traverse and try that point, as an issue under Code, section 1931, sub-section 4, and the plaintiff excepted *pendente lite*. We think that the court was right. The defendant may, by said sub-section, contest by counter-affidavit the amount or justice of the claim, or the existence of the lien. These words are broad. There can certainly be no justice in a claim to seize a man's property without any notice at all to him, and the demand is the only notice. The whole right of the plaintiff to enforce

this claim *as a lien*, depends upon a strict compliance with the statute, and one of the things which he must aver in his affidavit, by the express words of section 1931 of the Code, is *demand and refusal to pay;* and this court, in 54 *Ga.*, 137, states the importance of the demand as notice to the defendant. Indeed, the judgment of foreclosure would be void without notice, and it would be strange if the defendant were not permitted to plead before judgment that which would avoid the judgment if rendered.

Besides, the lien, in so far as its vital energy—its existence *as a lien*—its power to move *as such*—has no life without the demand; or if it does breathe at all, it is to no practical purpose, to no useful or efficacious end, until demand of payment of it be made. Hence this traverse assails the very existence of the lien in the place where it finds it, and comes within these words, too, in said subsection, to-wit: "the existence of such lien." That existence, says the statute, may be assailed by this counter-affidavit, and as it does not legally exist in court until demand is made for payment upon him whose property is seized, the traverse is within the words of the Code.

We hold that the court was right on this point, but wrong on the first; and we reverse the judgment on the ground that the case should not have been dismissed because plaintiff's affidavit did not set forth sufficiently that the lien was prosecuted within one year from the time that the debt fell due.

In the case of Moore *vs.* Bryant, the facts are substantially as in the case of Moore *vs.* Martin, and the case is ruled the same way.

Judgment reversed.

WARNER, Chief Justice, concurred, but furnished no written opinion.

BLECKLEY, Judge, concurred, as stated in the head-notes.