AIKEN vs. PECK & ALLEN et al.

1. Where a non-suit has been granted, the losing party may either bring his case to the Supreme Court by writ of error, or may, during the term of the trial, move to re-instate the case, and from a refusal of that motion, properly made, may bring the case to this court.

2. In order to foreclose a lien for logs furnished to a saw-mill, there must be a demand on the owner, agent or lessee of the property, at the time when the demand for payment is made preparatory to the foreclosure of the lien. It is not sufficient to make a demand upon former owners of the property, who were such when the logs were furnished, but who have since ceased to be so, and have parted with the possession of the property.

(a.) Where the only demand made was upon persons who had been the owners of the saw-mill at the time the logs were furnished, but had since ceased to be such, and others had purchased the property and gone into possession, a non-suit was properly granted.

April 25, 1884

Non-suit. Practice in Superior Court. Motion to Re-instate. Liens. Saw Mills. Demand. Before Judge HAMMOND. Fulton Superior Court. October Term, 1883.

Reported in the decision.

M. M. TIDWELL, for plaintiff in error.

MARSHALL J. CLARKE, for defendants.

JACKSON, Chief Justice.

An affidavit to foreclose a lien for saw-logs furnished L. H. Hall & Co. was levied upon a steam saw-mill, and the mill was claimed by Peck & Allen. The affidavit al-

leged that the demand for payment was made on Hall & Co., who "were the owners of the said saw-mill when said saw-logs were furnished by deponent." The proof was, that the saw-mill, when the demand was made, was in the possession of Peck & Allen, whom the plaintiff learned had bought it, and who were running said mill when the demand was made on Hall & Co. On this affidavit, and proof by plaintiff, the court non-suited him, because it did not appear that any demand was made on Peck & Allen, who were in possession on the day the demand was made on the former owners and debtors of the plaintiff. This non-suit was granted on the 8th of October, 1883. On the 18th of December, during the same term, the plaintiff moved to re-instate the case, and set aside this judgment of non-suit. The court denied this motion, and the denial of the motion to set aside the judgment of non-suit and re-instate the case is the error assigned.

1. Two points of law arise : First, was the motion to re-instate in time; and secondly, if it was in time, was it right to re-instate on the merits ? The motion to re-instate, though made at the same term during which the non-suit was awarded, was not made until more than sixty days after the non-suit was granted, and, inasmuch as the plaintiff could not at that time sue out a writ of error to this court, it is insisted that he could not move to re-instate the case, and in that indirect way bring the points of error then made, if at all, to this court for correction. In 54 *Ga.*, 476, Judge McCay held, for himself alone, that a motion to set aside a judgment, after such delay, at a subsequent term, should not be entertained, for reasons of this sort, which are forcibly presented in his opinion, but Judge Trippe, who con curred in the denial of the motion to re-instate, does not seem to concur in this reasoning, as Judge McCay speaks alone for himself in that course of reasoning; and Chief Justice Warner dissented from the judgment, reasoning and all. The general rule is, that a motion to arrest or re-instate may be made at any time during the term, and a motion to set

aside at a subsequent term within the statute of limitations, regardless of the omission to sue out a writ of error within sixty days from the time the error complained of was committed. A motion for a new trial, though based entirely on errors of the court during the trial, may be made any time during the term, though sixty days have passed since they were committed, and though the losing party could. have sued out a writ of error here, within the sixty days, upon those errors.

It would seem, therefore, that the losing party has two remedies in all such cases, to-wit : to come up at once to this court by writ of error, or to try the court below first on any legitimate motion before that court, enabling it to review its own judgments first, within the time fixed by the statute of limitations, and upon that more deliberate ruling to except and bring the cause here. Code, §§3588, 3589.

2. But the motion to reinstate being at the same term and in time, was its denial right? That question must be answered by. another, was the non-suit right? If so, of course a right judgment ought not to be set aside and the case re-instated. And the judgment to non-suit was right, if a demand for payment on the party who owned the steam saw-mill, preparatory to foreclosure on the saw-mill, was necessary. The proceeding is summary ; it is *in 'em* ; it authorizes seizure and sale of the property ; and it is but reasonable that some sort of notice be given to the party in possession of the property, and then using and running it as his own. And such seems to be the meaning of the statute. Section 1991 of the Code declares that, to foreclose and seize and sell such property under this lien, " there must be a demand on the owner, agent or lessee of the property for payment, and a refusal to pay, and such demand and refusal must be averred," and of course, on trial, proved. The statute does not say on the debtor, or on the owner when the debt was contracted, but on the owner. When the owner? What owner? Not one once

the owner, long ago—six or nine months before foreclosure,—but the owner when the demand for payment, preparatory to foreclose on the property, is made.

And so this court has ruled, on a statute using the same words as this section 1991 does in 45 *Ga.*, 159; and subsequently in 54 *Ga.*, 137, it has so construed this statute itself. In the case before us, on the very day that the demand was made on the former owners, the plaintiff was at the mill, and saw Peck and Allen in possession, and running the mill, and then learned that they had bought it, and yet neither averred in his affidavit to foreclose that he demanded payment of them, but averred that he made it on those who were the owners when the debt was contracted, nor did he prove that any demand was made on those thus in possession of and running the mill as owners of it then, nor on any agent or lessee of theirs. So the nonsuit was right, and the motion to re-instate was properly refused.

Judgment affirmed.

