## 1941.  LANIER *v.* KELLY.

1. A dispossessory warrant issued but not executed before the next term of the superior court thereafter does not become functus officio.
2. After a dispossessory warrant is issued and exhibited to the tenant and stayed by counter-affidavit and bond, the proceedings must be returned to the next superior court thereafter.
3. A landlord made an affidavit that his tenant was in arrears for rent, and a dispossessory warrant was issued thereon, regular in every respect except that in one place in the body of the warrant the name of the tenant was inserted, where it was apparent from the context that the name of the landlord was intended. *Held,* the defect was amendable, and the warrant was not void.
4. A tenant at will who is in arrears with his rent and who refuses on demand to surrender the premises may be ejected by dispossessory warrant, and it is not necessary that sixty days notice should be given him. The officer must exhibit the warrant to the tenant and give him three days within which to move, before proceeding forcibly to eject him.

Action for damages, from city court of Atlanta—Judge Reid. March 14, 1909.

Submitted July 19,—Decided October 5, 1909.

*Burton Smith, Lawton Nalley, J. E. McClelland,* for plaintiff.
*Anderson, Felder, Rountree & Wilson,* for defendant.

RUSSELL, J.  Mrs. Lanier brought an action of trespass against Kelly. The proof showed that her husband was a tenant at will of the defendant, and that he got in arrears with the rent, and the defendant procured a dispossessory warrant to be issued by which the plaintiff's husband and the plaintiff too were evicted from the premises. It is admitted that she has no cause of action, unless the process by which the eviction was made is void. The affidavit on which the warrant issued is conceded to be regular on its face. The warrant (omitting formal parts) is as follows: "W. P. Kelly, having made affidavit that A. R. Lanier is in possession as a tenant of a house and premises located at No. 379 Glennwood avenue, in the city of Atlanta, said State and county, property of W. P. Kelly, and fails to pay the rent due on said house and premises, this is therefore to command

and require you to deliver to the said *A. R. Lanier* (italics ours), or his representatives, full and quiet possession of said house and premises described in said affidavit hereto attached, removing the said tenant, with his property found thereon, away from the same. This, the 10th day of June, 1907." The warrant was exhibited to the tenant on the day issued, to wit, June 10, but, owing to the tenant's sickness, it was not executed until August 22. At that time the tenant was convalescent, but it was necessary for him to be removed to a hospital in an ambulance, and he suffered a relapse from being exposed. The goods were damaged in removal by reason of the fact that it rained on them before the removal was completed. There is no contention that unnecessary force or violence was used in effecting the removal, or that the eviction was malicious. On May 2 rent was paid up to May 22, and at the time of this payment the tenant was notified to quit; his tenancy being at will. When the dispossessory warrant was issued, the tenant was in default with his rent, though at that time only 49 days had elapsed after he was given notice to quit.

1, 2. It is to be noted that this is a suit in trespass against the landlord by the tenant's wife. The case of *Entelman* v. *Hagood*, 95 *Ga.* 390 (22 S. E. 545), is authority for the proposition that where a landlord, without legal process, forcibly and violently ejects a tenant and his personal goods from the rented premises, he is liable to the latter in an action of trespass, although the tenant was holding over beyond his term, was in arrears for rent, and had received legal notice to quit. Of course the same result would follow if the process by which the eviction was effected was wholly void. In that case it is said, "It would seem that at common law the landlord had the right, after the expiration of the tenant's term, to enter immediately, and take possession of the rented premises, and that in so doing a resort to force was legal, provided no more force was used than was actually necessary to eject the tenant.". It is then stated that since resort to self-help often resulted in a breach of the peace, where the tenant was unwilling to be peacefully ejected, the legislature, by providing the summary method by which a landlord could regain possession of his premises, intended to abolish the common-law rule of self-help. In this State, therefore, the exclusive method of regaining possession of rented premises is the method prescribed by law, and if the landlord resorts to a different

method he does so at his peril. It is unnecessary for us to decide in this case whether in any event the wife of a tenant would have a cause of action against the landlord where the ejection was unaccompanied by force and violence, because certainly she would not have a cause of action when the tenant himself would not. In other words, if the eviction was legal and was accomplished by legal process, neither the tenant nor the wife could sue in trespass; but the tenant might sue in malicious prosecution, by showing malice and want of probable cause. *Melson* v. *Dickson,* 63 *Ga.* 682 (36 Am. R. 128) ; *Porter* v. *Johnson, 96 Ga.* 145 (23 S. E. 123). The first question to be considered, therefore, is whether or not the process in the instant case was void, or merely voidable. Counsel for the tenant contend that since the dispossessory warrant was issued on June 10 and was not finally executed until August 22, it was functus officio, because in the meantime a term of the superior court had intervened. We do not think there is any merit in this contention. Under sections 4813 et seq. of the Civil Code, a tenant who is in arrears for rent and who has refused to surrender the premises may be ejected by dispossessory warrant. The dispossessory warrant is final process, unless stayed by counter-affidavit and bond. When it is stayed the officer must return the proceedings to the next superior court thereafter. Nowhere is it provided that the warrant must be served and executed before the next term of the superior court after it is issued. The warrant is not made returnable to any court, because it is final process, and there is no issue to be tried until the counter-affidavit and bond are filed. After that issue is made, the proceedings must be returned to the next superior court thereafter. The warrant itself, though issued and not executed before the next term of the superior court thereafter, is not functus officio. It may be executed after that time. It is unnecessary to decide in this case how long it would continue in life.

3. The only other reason suggested why the proceedings were void is that the word "Lanier" appears in the warrant at one place where the name "Kelly" should have been inserted, and that a literal reading of the warrant would command the officer to deliver possession of the premises to a man already in possession, and also to remove him therefrom. When the entire warrant is read in connection with the affidavit thereto attached, it is apparent that the

officer is commanded to remove the tenant from the premises because he is in default with his rent; and that the clerical mistake could not have misled anybody. At most the defect was a mere irregularity which could be cured by amendment; and the warrant was not void. *Telford* v. *Coggins, 76 Ga.* 683.

4. A great deal is said in briefs of counsel about the circumstance that the dispossessory warrant was issued only 49 days after the notice to quit had been given. Inasmuch as the proceedings by which the tenant was ejected were based on his failure to pay the rent, we are unable to see how this circumstance has any bearing one way or the other. Where the tenant is in arrears for rent, it is only necessary for the landlord to make affidavit of that fact and of a demand and refusal to deliver; whereupon the warrant issues. *Huff* v. *Markham, 70 Ga.* 284. It is true that under section 4821, the officer must exhibit the warrant to the tenant and give him three-days notice to remove, before forcibly ejecting him; but there is no provision that the tenant can fail to pay his rent and insist upon sixty-days notice before he can be ejected by dispossessory warrant. A tenant at will who pays his rent promptly in accordance with his contract can not be ejected by dispossessory warrant until the expiration of sixty days after notice to quit. *Weed* v. *Lindsay & Morgan,* 88 *Ga.* 686 (15 S. E. 836, 20 L. R. A. 33). But the tenant in this case had not paid any rent after May 22, and dispossessory warrant was not issued until June 10. We are unable to see how he can take advantage of the provision which was intended only for the protection of tenants who are not in default with rent.

There was no error in directing a verdict for the defendant.

*Judgment affirmed.*