### 3171.　WALL *v.* SCHWARZ.

1. As the amendment simply amplified the allegations of the original petition, it should have been allowed.
2. The evidence introduced by the plaintiff substantially supporting the allegations of the petition and showing prima facie a right to recover, a nonsuit was improperly awarded.

DECIDED OCTOBER 23, 1911.

Appeal; from Chatham superior court,—Judge Charlton. January 16, 1911.

Wall sued Schwarz in a justice's court for $100. The petition, in substance, alleged, that in May, 1908, he sold to the defendant a mare named "Alcyon" for $200 in cash; that, as a further consideration, Schwarz agreed to raise two colts from the mare, and to deliver to the plaintiff the second colt when it reached the age of six months, and that upon this agreement the plaintiff accepted the $200 in cash and delivered the mare to the defendant; that sufficient time had elapsed for the defendant to perform his agree-

ment in reference to the colt, but that he failed and refused to do so; that it was understood at the time of the trade that the colt would be of the value of $100 when six months old; and the suit was brought to recover this amount. Judgment was rendered for the plaintiff, for the full amount, and the case was appealed to the superior court.

On the trial in the superior court the plaintiff proved that the defendant desired to buy from him the mare in question, and that he asked $300 for her; that, after some negotiations between the two, it was expressly understood and agreed that the plaintiff would sell the mare for $200 cash, and, as a further part of the agreement and of the consideration for the sale of the mare, the defendant agreed that he would breed the mare, and would give its second colt, when six months old, to the plaintiff, keeping the first colt for himself. The plaintiff asked for a written agreement to this effect. The defendant said that his word was as good as his bond, and he would do what he said. The plaintiff said, "All right," that the defendant could take the mare for $200 and deliver to him the second colt when it was six months old. The mare was delivered to the defendant, and subsequently a colt was bred from her. The plaintiff proved that after waiting for a sufficient time to elapse in which to give ample opportunity for the second colt to be bred from the mare, and notwithstanding the fact that the mare was in condition for breeding a second colt, and that he demanded of the defendant that he comply with his contract and have the colt bred and delivered to him when six months old, the defendant declined to breed the mare further. The plaintiff proved also that a colt bred from the mare in question at six months old would be worth at least $100. The evidence further showed that the name of the mare was not "Alcyon," but "Ajulai," and was known as "Dr. Duke's mare." There was no question in the evidence, however, as to the identity of the mare sold to the defendant, whatever may have been her name. The plaintiff offered an amendment to the petition, alleging that the mare which he sold to defendant was a sorrel mare known as "Dr. Duke's mare," and was well known to the defendant; and the refusal to allow the amendment is assigned as error. At the conclusion of the plaintiff's evidence the court sustained a motion to nonsuit, and this judgment is brought here for review.

The motion to nonsuit was based upon the following grounds: First, that the petition alleged that the plaintiff sold a mare named "Alcyon," and it appears from the evidence that the mare was named "Ajulai," and that "Alcyon" was her mother. Second, that the promise on the part of the defendant to give the second colt to the plaintiff was without consideration, and was no part of the agreement to purchase the mare. Third, that the burden was upon the plaintiff to prove his damages, and there was no proof of the value of the colt when six months old. The court sustained the motion to nonsuit, on the ground that there was a material variance as to the name of the mare in the petition and in the proof; that the colt was not included in the agreement of purchase, but was "something thrown in for good measure, that in New Orleans would be called 'lagniappe,'" and that there was no proof of damages.

*Oliver & Oliver,* for plaintiff.

*O'Byrne, Hartridge & Wright,* for defendant.

HILL, C. J. (After stating the foregoing facts.) 1. The proposed amendment should have been allowed. It was simply an amplification of the allegations contained in the original petition, to meet an apparent variance. We can see no reason why the plaintiff should not have been permitted to explain it by giving a full description of the animal. *Murphy* v. *Peabody,* 63 *Ga.* 522.

2. The promise to give to the plaintiff a colt bred by the mare, when it was six months old, according to the undisputed evidence, was distinctly a part of the consideration for the sale. The plaintiff refused to sell for $200, until the agreement to give the colt was expressly made by the defendant. We think that this agreement was not nudum pactum, but was based upon a valuable and valid consideration. No attack is made upon the agreement on the ground that it is indefinite, unreasonable, or impossible of performance; on the contrary, the proof shows that the promise was made a part of the agreement, and there was no contention that the defendant, for any reason, could not have performed this agreement.

We can not agree with the learned judge that the colt, which the evidence shows would have been worth $100 when six months old, was not included in the agreement of purchase, but was simply "something thrown in for good measure, that in New Orleans

would be called 'lagniappe.'" "Lagniappe" is defined to be "a trifling present given to customers by tradesmen; a gratuity." Whatever it may be called in New Orleans, the agreement in this case called it "a colt," and the proof shows that the colt could have been bred from the mare, and would have been worth, when six months old, at least $100.

The evidence introduced by the plaintiff substantially proved the allegations of the petition and made out a prima facie right to recover. The judgment awarding a nonsuit was therefore error.

<em>Judgment reversed.</em>