3237.   HEARD *et al.*, executors, for use, etc., *v.* CAMP.

The amendment did not set forth a new cause of action, but merely cor-
rected and amplified one phase of the case as previously pleaded, and
therefore the court erred in disallowing it.
                    DECIDED DECEMBER 19, 1911.

Action for damages; from city court of Floyd county—Judge
Reece.   December 30, 1910.

The Fidelity & Casualty Company insured for the owner the
plate-glass windows in a building described in the policy as "prem-
ises Nos. 7, 9, 11, 13, Second avenue, city of Rome, and State of
Georgia, occupied as office building."   The policy provided that the
insurer should be subrogated to all the rights of the owner against
any person causing damage or loss to the property covered thereby.
A window in the building was broken, and was replaced by the
insurance company, and suit was then instituted in the name of
the owner, for the use of the insurance company, the plaintiff al-
leging that the defendant had negligently broken the window.   The

petition described the window broken as being in No. 11 Second avenue. At the trial the evidence tended to show that the window broken was in No. 9 Second avenue; whereupon the plaintiff offered to amend the petition by striking the words "No. 11" from the petition and describing the window as follows: "Said plate-glass window being located in the room in said W. J. West Office Building which, at the time said glass was broken, was occupied by the Rome Industrial Life Insurance Company; said W. J. West Office Building being designated as Nos. 7, 9, 11, 13, Second avenue, at the time said glass was broken." The refusal to allow the amendment is assigned as error.

*Maddox & Doyal,* for plaintiffs.

*M. B. Eubanks,* for defendant.

RUSSELL, J. It is insisted that the amendment sought to set up a new and distinct cause of action. The cause of action was the damage caused through the negligence of the defendant in breaking a window in the office building covered by the policy of insurance. The negligence alleged was that the defendant threw an iron horseshoe at a dog, and thus broke the window. In our opinion the amendment did not change the cause of action, but merely described more accurately and more in detail the window which was broken in the same building. If the missile had hit a man and broken his rib, and the petition had alleged that the rib broken was on his left side, it would hardly be contended that an amendment changing it to the right side would be the assertion of a new cause of action. How, then, can the substitution of another window in the same building, owned by the same person and covered by the same policy, be said to be the substitution of a new cause of action? The designation of the broken glass by the wrong number was a clerical error, and the amendment merely sought to correct the error. Civil Code (1910), § 5682; *Lanier* v. *Kelly,* 6 *Ga. App.* 738 (65 S. E. 692); *Wall* v. *Schwarz,* 9 *Ga. App.* 845 (72 S. E. 434).

This material error rendered subsequent proceedings nugatory, and requires a reversal of the judgment; and therefore it is unnecessary to consider the assignments of error based on the sustaining of the motion to nonsuit.          *Judgment reversed.*