21520. REAL ESTATE LOAN COMPANY *v.* PUGH.

Decided July 14, 1931.

*Roy S. Drennan,* for plaintiff in error. *Morgan S. Belser,* contra.

LUKE, J. Wiley Pugh brought an action against Real Estate Loan Company in the city court of Atlanta, to recover damages for his alleged wrongful eviction from premises rented from said company. The question for decision here is whether or not the trial judge erred in overruling the general demurrer to the petition.

Omitting its formal parts, the petition substantially alleges: 3. On December 6, 1930, defendant owned a certain house in the City of Atlanta, and petitioner was renting an apartment in the second story thereof. 4. Petitioner rented said apartment from month to month, and was in lawful possession thereof on said date. 5. On or about said date, without consulting petitioner and without ascertaining whether said apartment had been vacated by petitioner, defendant, through one of its lawful agents (name unknown), "did maliciously, unlawfully, wantonly, wilfully, and negligently break and enter into and upon the aforesaid property, without the consent of your petitioner, and did then and there rerent the aforesaid premises to a third party; thereby unlawfully dispossessing your petitioner without due process of law, and without any legal process whatever." 6. On said date petitioner and his family were absent from Atlanta; defendant never notified petitioner about renting said premises; and petitioner only learned of that fact from friends after said rerenting, and after defendant's agent had told said friends that petitioner's furniture and personalty were going to be offered for sale by defendant. The petition further alleged that the defendant was "guilty of negligence:" 7. In dispossessing petitioner without due process of law, and without notice to him, actual or constructive, and without any legal process whatever. 8. In not first determining whether or not "the aforesaid premises had been vacated by your petitioner." 9. "In renting the aforesaid property to a third party without first determining whether or not the said property had been vacated by your petitioner." 10. "In dispossessing your petitioner without due process of law, and without any legal process whatever." 11. "In entering into and upon the aforesaid property without first determining whether or not the said premises had been vacated. . ." 12. "In entering into said apartment and turn-

ing over to said third party the furniture and personal property of your petitioner, without first having obtained the consent of your petitioner, and without having ascertained whether or not petitioner had vacated the said apartment." 13. "That by reason of the reckless, wilful and unlawful dispossessing on the part of defendant as aforesaid, your petitioner suffered the following damages, to wit: (a) "The loss and damage to certain personal property belonging to said petitioner, including furniture, clothing and other personal effects, valued at $25." (b) "Petitioner, being without a place for the care and protection of his family, was compelled to resort to the mercy of friends; and further, it was necessary to expend the sum of $75 over and above his usual living expenses for board and room rent for himself and family until suitable place could be found for himself and family." (c) "As a result of your petitioner being compelled to vacate the aforesaid premises, he was compelled to incur extra expense incident to the moving and storing of his household furniture and other personal effects, in the sum of $75." (d) "That by reason of the reckless, wilful and unlawful dispossessing of your petitioner by the defendant, his feelings were outraged by reason of being degraded in the eyes of his friends and neighbors as a result of being unlawfully dispossessed, thereby causing him to suffer great embarrassment, humiliation, and therefore, he says that he was damaged in the sum of $5,000."

By paragraph the substance of the general demurrer to the petition is: 1. No cause of action is set forth. 2. It is not alleged "that the plaintiff had paid rent on the premises to the time of the alleged trespass and was thereby in lawful possession." 3. "The petition sets forth no cause of action because the only allegation with reference to plaintiff being in lawful possession occurs in paragraph 4 of the petition and is a mere conclusion of the pleader, and said allegation, taken in connection with the other allegations in the petition and construed most strongly against the pleader, . . fails to show affirmatively that plaintiff was in lawful possession of the premises, because it fails to show that plaintiff had paid rent on the premises and was thereby a lawful tenant therein." 4. "The petition sets forth no cause of action in that the same does not allege any acts of negligence upon which he is entitled to recover, said acts as alleged being mere conclusions of the pleader, without

facts set forth in the petition to support them." 5. ". . No damages is shown, and the only allegations with reference to the items of damages are mere conclusion of the pleader, without facts set forth in the petition to support the same."

In our opinion the main contentions raised by the foregoing demurrer are controlled adversely to the plaintiff in error by the principle announced in the following statement found in *Lanier* v. *Kelly,* 6 *Ga. App.* 738 (65 S. E. 692) : "The case of *Entelman* v. *Hagood,* 95 *Ga.* 390 (22 S. E. 545), is authority for the proposition that where a landlord, without legal process, forcibly and violently ejects a tenant and his personal goods from the rented premises, he is liable to the latter in an action of trespass, although the tenant was holding over beyond his term, was in arrears for rent, and had received legal notice to quit." An examination of the petition satisfies us that those parts of the demurrer raising questions other than those covered by the foregoing rule are without merit.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*