### 11486. BEVERIDGE v. SIMMERVILLE.

STEPHENS, J. 1. Upon the trial of an issue formed upon a summary proceeding under the Civil Code (1910), § 5385, by a landlord to dispossess his tenant for failure to pay rent, where judgment goes against the tenant, the landlord is entitled to recover double the rent reserved or stipulated to be paid, unless the tenant was one at will or sufference; in either of which latter events the landlord is entitled to recover double what the rent of the premises is shown to be worth.

2. Where upon the trial of such an issue there was evidence authorizing the inference that the rental contract was in parol and for a term longer than one year, it was not error to instruct the jury that such a contract, by operation of law, becomes a tenancy at will. Civil Code (1910), § § 3693, 3708.

3. There being evidence also authorizing the inference that the lease contract as originally entered into was for a period of one year, and that after the expiration of the year the tenant continued in possession of the premises and continued to pay rent under the terms of the contract, and continued to live on from year to year, paying rent under the terms of the original lease contract, it was error to fail to charge that under such state of facts the law implies a renewal of the original lease contract for a year, and that a tenancy from year to year is created. *Allen* v. *Montgomery*, 25 *Ga. App.* 817 (105 S. E. 33).

4. Before a tenant can be summarily dispossessed under the Civil Code (1910), § 5385, for holding over beyond his term or for failure to pay rent, it must appear that possession of the premises has been demanded of him and that he has refused or failed to vacate. The giving by the landlord to the tenant of two months' notice as required by the Civil Code (1910), § 3709, to terminate a tenancy at will, is not such a demand for possession of the premises as will warrant the issuance by the landlord of a summary proceeding to dispossess the tenant; nor will an agreement by the tenant with the landlord to vacate by a certain date operate in lieu of the demand required by the statute.

5. The tenant cannot, in such a proceeding, recoup damages not arising under the contract. Where the landlord entered upon the premises without authority, after the issuance of the writ and after the giving of the counter-affidavit and bond by the tenant, and converted to his own use certain personal property belonging to the tenant, damages arising out of such unlawful conversion could be set up by the tenant by way of recoupment in defense to the proceeding to dispossess.

6. Double rent cannot be recovered from a tenant prior to demand for possession; and there being no evidence as to when demand, if any, was made, the verdict for double rent is not supported by the evidence. *Talley* v. *Mitchell*, 138 *Ga.* 392 (75 S. E. 465).

7. The court having erred as set out in paragraphs 3 and 6 above, the defendant's motion for a new trial should have been sustained.

*Judgment reversed. Jenkins, P. J., and Hill, J., concur.*

DECIDED MARCH 4, 1921.

Eviction; from Polk superior court — C. C. Bunn, judge pro hac vice. March 22, 1920.

*Mundy & Watkins,* for plaintiff in error.

*John K. Davis,* contra.