### 24345. BUSSELL *v.* SWIFT.

SUTTON, J. The defendant was in arrears for rent for a certain house and lot rented from the plaintiff at $15 per month. One Carroll acted as the agent of the plaintiff in renting the premises and in endeavoring to collect the rent of the defendant. The plaintiff instituted proceedings under section 5385 of the Civil Code (1910) to secure possession of the premises. The defendant filed his counter-affidavit, in which he set up that the rent term had not expired and that he had not been given "notice to vacate as required to be given a tenant at will or sufferance." Bond for the condemnation money was given by the defendant. Upon the trial there was no denial that the defendant was in arrears with the rent due the plaintiff; but the evidence as to demand for possession of the premises was in conflict, the defendant testifying positively that no demand for possession had been made of him. The jury returned a verdict in the plaintiff's favor for possession of the rented premises and for $93 rent. The defendant moved for a new trial on the general grounds, the motion was overruled, and he excepted. *Held:*

1. A demand upon a tenant to deliver possession to his landlord is a condition precedent to the right of the landlord to dispossess the tenant summarily under section 5385 of the Civil Code of 1910. "Where the tenant is in arrears for rent, it is only necessary for the landlord to make affidavit of that fact and of a demand and a refusal to deliver, whereupon the warrant issues." *Lanier* v. *Kelly*, 6 *Ga. App.* 741 (4) (65 S. E. 692). When the warrant to dispossess is based upon the failure to pay rent due, there is no statute that requires any notice from the landlord other than the demand for the possession of the property, as prescribed by this section of the code. *Morris* v. *Battey*, 28 *Ga. App.* 90, 93 (110 S. E. 342). This section provides only that the landlord shall "by himself, his agent, or attorney in fact, or attorney at law, demand the possession of the property so rented." Civil Code (1910), § 5385.

(a) A demand by one alleging himself to be the agent of the landlord relative to the renting of the premises in question, where there is no contention that he is not such agent of the landlord, is sufficient to meet the requirements of this section of the code.

(b) The evidence in this case was conflicting as to a demand; but the evidence for the plaintiff shows that a demand for possession was made upon the defendant by Carroll, the alleged agent of the plaintiff, and also that the plaintiff addressed and mailed to the defendant a letter, with her return address upon the envelope, requesting the defendant to pay the rent or give up the house, and the plaintiff testified that she knew that the defendant got the letter. In these circumstances the verdict is supported by some evidence, and, having been approved by the trial judge, will not be disturbed by this court. *Prescott* v. *Darby*, 48 *Ga. App.* 143 (172 S. E. 235).

2. The judge did not err in overruling the defendant's motion for a new trial, which was based upon the general grounds alone.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 12, 1934.

*T. J. Townsend,* for plaintiff in error. *C. A. Williams,* contra.