### 31509. WILENSKY *v.* AGOOS.

DECIDED FEBRUARY 6, 1947. REHEARING DENIED FEBRUARY 25, 1947.

*Evans & Evans,* for plaintiff in error.
*Stevens & Stevens,* contra.

SUTTON, P. J. Gus Agoos sued out a dispossessory-warrant proceeding against Abe Wilensky to recover possession of a described building occupied as a storeroom in Thomson, Georgia, and the proceeding as amended was based on the ground that the defendant as tenant was holding the property over and beyond the term of his lease. The defendant filed a counter-affidavit in which he denied the allegations of the affidavit for the dispossessory warrant and denied that any demand had been made on him for the possession of the property in question. The case proceeded to trial, both sides introduced evidence, and the jury returned a verdict for the plaintiff for the possession of the premises and for double rent. The defendant's motion for a new trial was overruled, and he excepted.

It appears from the evidence that the plaintiff purchased the property in question from C. G. Anderson, on February 6, 1946, at which time the defendant was then in possession of the property under a lease from Anderson for a period from August 20, 1945 to August 20, 1946. The plaintiff bought the property to be used as a storehouse for himself and so informed the defendant immediately after he bought it. The plaintiff testified that he himself did not demand possession of the property, but that he did so through his attorneys. The following letter is relied upon by the plaintiff as the demand for possession in this case: "Thomson, Ga., June 20, 1946. Mr. Abe Wilensky, Thomson, Georgia. Dear Mr. Wilensky: Our client, Mr. Gus Agoos, presents to us the following facts: That you have violated your rent contract of which contract Mr. Gus Agoos is transferee and assignee in that you have refused to permit 'Lessor or his agents the right to enter said premises at reasonable hours, to examine the same, make such repairs, additions or alterations' etc., and which contract provides, 'If the lessee shall violate any of the restrictions of this lease or fail to keep any of its covenants, the lessor or his agents may at once, if they so elect, declare this lease void, terminate the same and at once take possession of the premises.' Further, you have violated this contract in the matter of not paying your rent on the 20th day of each month.

"Mr. Agoos could, as you see, under the contract, terminate the lease 'and at once take possession of the premises,' but if you will comply with the terms of this contract Mr. Agoos will waive his

right to put you out until the termination of this lease which is the 20th day of August, 1946, at which date he must have and will take possession of the storehouse and premises. In the meantime Mr. Agoos will take certain measurements by entering such premises at reasonable hours for the purpose of making such repairs as may be necessary. Yours very truly, Stevens & Stevens, by B. J. Stevens."

The defendant testified to the effect that, no demand for possession of the premises had been made on him; but admitted the receipt of the above-quoted letter, and also that his rental contract had expired on August 20, 1946, and said he would pay double rent for the property if the court so determined, as he had no place to move until his storeroom was completed.

The third ground of the amended motion for a new trial contends that the court erred in charging the jury as follows: "I charge you, gentlemen, if you believe under the evidence, facts and circumstances of the case that there was a demand made when the lease was terminated, that a proper demand was made upon Mr. Wilensky for the surrender of this property to Mr. Agoos, and that that demand has been refused, and that he is holding over and beyond his term, when then and in that event I charge you that Mr. Agoos would be entitled to recover double rent for the amount and for the length of time that he has been in possession of this property since the expiration of the lease, that is, double the reasonable value of the premises for rent, and not for double the rental stipulated in the lease. . . I charge you that if he has not made any demand upon him for the premises, even though he is holding over beyond his term, if no proper demand has been made upon him for the possession of the premises, in that event I charge you that Mr. Agoos would not be entitled to recover in the case." (a) Because the court failed to instruct the jury as to what a proper demand was, and it was, therefore, misleading, confusing, prejudicial and harmful to the movant; and (b) because this charge was not adjusted to the pleadings and evidence and was without any evidence to authorize or support it, there being no evidence that a demand was made on or after the termination of the lease on August 20, 1946.

We think this ground of the motion is valid and is controlling in this case. This was a proceeding to dispossess the tenant under

the provisions of Code, § 61-301, and a demand upon the tenant to deliver possession of the premises to the landlord is a condition precedent to the right of the landlord to summarily dispossess the tenant under the provisions of this section. This statute provides: "In all cases where a tenant shall hold possession of lands or tenements over and beyond the term for which the same were rented or leased to him, or shall fail to pay the rent when the same shall become due, . . and the owner of the lands or tenements shall desire possession of the same, such owner may, by himself, his agent, attorney in fact or attorney at law, demand the possession of the property so rented, leased, held, or occupied; and if the tenant shall refuse or omit to deliver possession when so demanded, the owner, his agent or attorney at law or attorney in fact may go before the judge of the superior court or any justice of the peace and make oath to the facts." According to the evidence, there was no demand made in this case as required by the statute. The letter from counsel of the plaintiff to the defendant, under date of June 20, 1946, was not such a demand; and this letter is the demand relied upon by the plaintiff. This letter was written to the defendant 60 days before the termination of the rental contract. The demand for possession should have been made upon or after the termination of the least contract, for the statute provides where a tenant shall hold possession of lands or tenements over and beyond the term for which the same were rented or leased to him, or shall fail to pay the rent when the same shall become due, the owner may demand the possession of the property so rented, etc.

It was held in *Beveridge* v. *Simmerville,* 26 *Ga. App.* 373 (4) (106 S. E. 212) : "Before a tenant can be summarily dispossessed under the Civil Code (1910) § 5385, for holding over beyond his term or for failure to pay rent, it must appear that possession of the premises has been demanded of him and that he has refused or failed to vacate. The giving by the landlord to the tenant of two months' notice as required by the Civil Code (1910) § 3709, to terminate a tenancy at will, is not such a demand for possession of the premises as will warrant the issuance by the landlord of a summary proceeding to dispossess the tenant; nor will an agreement by the tenant with the landlord to vacate by a certain date operate in lieu of the demand required by the statute." Also, to the same effect see *Broadwell* v. *Maxwell,* 30 *Ga. App.* 738 (119

S. E. 344); *Bussell* v. *Swift,* 50 *Ga. App.* 148 (177 S. E. 277); *Minor* v. *Sutton,* 73 *Ga. App.* 253 (36 S. E. 2d, 158); *Ginn* v. *Johnson,* 74 *Ga. App.* 35 (38 S. E. 2d, 753). Compare *Favors* v. *Johnson,* 79 *Ga.* 553, 555 (4 S. E. 925); *Anderson* v. *Beard,* 54 *Ga.* 137; *Gilbert* v. *Marshall,* 56 *Ga.* 148, where it was held that demand must be made after the rent or debt becomes due.

Accordingly, the court erred in charging the jury as complained of in special ground 3 of the motion.

■ Under the facts of this case, no demand for possession of the premises in question was made on the defendant as required by law, and the verdict in favor of the plaintiff was unauthorized.

■ The court erred in overruling the defendant's motion for a new trial.

*Judgment reversed. Felton and Parker, JJ., concur.*

ON MOTION FOR REHEARING.

Sutton, P. J. On the trial of this case, the plaintiff relied upon the letter from his attorneys to Wilensky, which is set out in the above decision, as a demand for possession of the property involved, and the trial judge submitted to the jury the issue as to whether or not a demand for possession of the property was made on the defendant. No issue as to a waiver of demand for possession by the defendant or that such demand was unnecessary under the facts and circumstances of the case was submitted to the jury. It is contended by the defendant in error in his motion for a rehearing that this court in deciding this case overlooked or misconstrued the cases of *Moore* v. *Collins,* 36 *Ga. App.* 701 (3) (138 S. E. 81), and *Darling Stores Corp.* v. *William Beatus Inc.,* 68 *Ga. App.* 869 (2) (24 S. E. 2d, 805), where it was ruled that a demand for possession is unnecessary, where it is shown by the evidence that such demand would not have been heeded. Those cases are distinguishable on their facts from the present case, in that in each of them the tenant gave notice to the landlord before the dispossessory warrant was sued out that he would not surrender possession, which dispensed with the necessity of a demand. In the present case, the defendant testified that no demand for possession was made upon him, and that he wouldn't say that it was his intention to stay there over and beyond the term of his lease, and just pay double rent; but that he was going to move out when his store was ready; that he would have to stay on and run the risk of having

to pay double rent, owing to the fact that he had no place to move to at the time of the trial.

In these circumstances this court can not say that a demand for possession was unnecessary.

*Motion for rehearing denied. Felton and Parker, JJ., concur.*