## 31458. JETT v. WOLFE et al.

PER CURIAM. 1. Under § 61-301 of the Code, before a tenant can be summarily dispossessed by his landlord of lands and tenements, for holding over and beyond his term or for failure to pay the rent when due, it must appear that a demand for the possession of the premises has been made upon him by his landlord or the landlord's agent, and that he has refused or failed to vacate. The giving by the landlord or his agent to the tenant of two months' notice, required to terminate a tenancy at will, is not such a demand for possession of the premises as will warrant the issuance by the landlord of a summary proceeding to dispossess the tenant; nor will an agreement by the tenant with the landlord to vacate the premises by a certain date operate in lieu of the demand required by the statute. *Beveridge* v. *Simmerville*, 26 *Ga. App.* 373, (4) (106 S. E. 212); *Broadwell* v. *Maxwell*, 30 *Ga. App.* 738 (119 S. E. 344); *Bussell* v. *Swift*, 50 *Ga. App.* 148 (177 S. E. 277). The testimony of the plaintiff on cross-examination shows that a sufficient demand was not made: "I called him [Mr. Jett] over the phone and talked to him; I asked him when he would move, that I had to have the place for my own occupancy; I asked him when he was going to move. As to whether or not that is what I say my demand amounted to 'Mr. Jett, when are you going to move;' Yes sir, that is all I said."

2. In the instant case the landlord in his affidavit alleged that he had made a demand upon the tenant for the possession of the premises; and the tenant in his counter-affidavit denied that allegation. Upon the trial the evidence for the tenant showed that neither the landlord nor his agent had ever demanded of the tenant the possession of the premises; and the evidence for the landlord failed to show that such a demand had been made prior to the issuance of the dispossessory warrant. Therefore, the verdict in favor of the landlord was contrary to law and the evidence.

3. Upon the trial the landlord amended his affidavit by making his wife a party plaintiff to the case; and the record shows that the tenant filed exceptions pendente lite to the allowance of the amendment. However, the main bill of exceptions contains no assignment of error either upon the pendente lite exceptions or upon the ruling therein complained of; and, therefore, under numerous decisions of the Supreme Court and this court, the ruling upon the amendment can not be here considered.

4. The court erred in overruling the motion for a new trial.

*Judgment reversed. MacIntyre, P. J., Felton and Gardner, JJ., concur. Townsend, J., disqualified.*

DECIDED MAY 7, 1947.

*Hardin & McCamy,* for plaintiff in error.