54939. WIG FASHIONS, INC. v. A-T-O PROPERTIES, INC. et al.

McMURRAY, Judge.

Wig Fashions, Inc. leased a retail business location from plaintiffs. The lease required that the tenant construct certain improvements within the premises. The lease also provided that should any liens be filed against any portion of the shopping mall in which the retail business space was located by reason of the tenant's acts or omissions, tenant shall cause the lien to be canceled and discharged within 10 days after receipt of notice from landlord and that failure to cause such lien to be discharged would place tenant in default.

The plaintiffs notified Wig Fashions, Inc. by letter dated October 28, 1976, that a lien had been filed against the shopping mall by a subcontractor which had made improvements on the space leased to Wig Fashions, Inc. Wig Fashions, Inc. was subsequently notified of the same lien by letters dated November 30, 1976, February 10, 1977, and April 15, 1977. The letter of April 15, 1977, notified Wig Fashions, Inc. of the outstanding lien, stated that failure to discharge the lien would result in termination of the lease, and demanded possession of the premises on the 11th day following receipt of the letter by

Wig Fashions, Inc. if the lien was not discharged.

The lien was not discharged and Wig Fashions, Inc. did not deliver possession of the premises. On May 13, 1977, the plaintiffs initiated this dispossessory action in which a jury verdict in favor of the landlord and against the tenant was returned. *Held:*

Under the terms of the lease Wig Fashions, Inc. was in default if it did not remove any liens within 10 days of receiving notice thereof from the landlord. Wig Fashions, Inc. received such notice at least four times. Each time the landlord took no action to assert its rights growing from a default after any of the notifications given prior to that of April 15, 1977. Demand upon tenant to deliver possession of premises to landlord is a condition precedent to the right of landlord to dispossess. Code § 61-301. *Broadwell v. Maxwell,* 30 Ga. App. 738 (1) (119 SE 344); *Bussell v. Swift,* 50 Ga. App. 148 (177 SE 277); *Terrell v. Griffith,* 129 Ga. App. 675, 677 (200 SE2d 485). Demand for possession should be made upon or after the termination of the lease contract. *Wilensky v. Agoos,* 74 Ga. App. 815, 818 (1) (41 SE2d 565). The demand for possession contained in the letter of April 15, 1977, constituted a proper demand only if at the time of that demand the lease was terminated. See *Wilensky v. Agoos,* supra. Under the terms of the lease agreement default caused by the tenant would not automatically result in termination of the lease agreement or termination of the right to possession of the premises without termination of the tenant's obligations under the lease. The declaration of such terminations were two of the alternatives available to the landlord under the lease provisions. Although Wig Fashions was in default under the terms of the lease and this fact was repeatedly called to the attention of Wig Fashions prior to the letter of April 15, 1977, there was never any mention by plaintiff of its alternative of declaring the lease or right of possession terminated. The letter of April 15, 1977, contained the following language: "Pursuant to Paragraph 5.7 of the lease, Wig Fashions, Inc. has ten (10) days from the receipt hereof to cure said default by causing said lien to be cancelled or discharged of record, should Wig Fashions, Inc. fail to do so, the lease will be terminated and Wig Fashions, Inc. will become a tenant

holding over." This language did not serve to terminate the lease as of the receipt of the letter, but at most could be read to evidence an intent that the lease be terminated at the expiration of ten days after the receipt of the letter if the default were not corrected. Therefore, any demand for possession made in the letter of April 15, 1977, is ineffective because any such demand was made prior to the termination of the lease or right of possession thereunder. The court erred in denying defendant's motion for directed verdict.

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

ARGUED JANUARY 10, 1978 — DECIDED FEBRUARY 24, 1978 — REHEARING DENIED MARCH 16, 1978.

*Jerry L. Stepp,* for appellant.
*Cofer, Beauchamp & Hawes, P. Michael Lynch, III, James H. Rollins, William L. Bost, Jr.,* for appellees.