## 55629. HOUSING AUTHORITY OF ATLANTA v. BERRYHILL.

McMURRAY, Judge.

Defendant Berryhill leased an apartment from plaintiff. Under the terms of the lease the plaintiff was permitted to terminate the lease for cause at any time by giving to defendant written notice, and in a case of termination for failure to pay rent, defendant was entitled to fourteen (14) days' notice.

On September 9, 1977, plaintiff sent to defendant a letter alleging failure to pay rent as required by the lease and containing the statement that, *"you are hereby notified that our lease agreement with you will be terminated fourteen (14) days from receipt of this letter and you must vacate your apartment within fourteen (14) days."* A dispossessory warrant was sworn out by plaintiff against defendant on October 3, 1977. On October 12, 1977, a second letter was sent to defendant urging that she vacate the apartment.

Defendant filed her answer, and trial was held before the court without a jury on a stipulation of facts. The trial court rendered its judgment in favor of the defendant and against the plaintiff, holding that no demand as contemplated by Code § 61-301 had been made upon defendant prior to the institution of the dispossessory proceedings against the defendant. Plaintiff appeals contending that the demand for the premises was proper and effective. *Held:*

A demand upon the tenant to deliver possession of premises to the landlord is a condition precedent to the right of the landlord to dispossess. *Broadwell v. Maxwell,* 30 Ga. App. 738 (1) (119 SE 344); *Bussell v. Swift,* 50 Ga. App. 148 (177 SE 277); *Terrell v. Griffith,* 129 Ga. App. 675, 677 (200 SE2d 485). "Demand for possession should be made upon or after the termination of the lease

contract. *Wilensky v. Agoos,* 74 Ga. App. 815, 818 (1) (41 SE2d 565)." *Wig Fashions, Inc. v. A-T-O Properties, Inc.,* 145 Ga. App. 325 (243 SE2d 526). The demand for possession contained in the letter of September 9, 1977, constituted a proper demand only if at the time of that demand the lease was terminated. The lease did not terminate until 14 days after defendant's receipt of the letter of September 9, 1977; therefore, any demand of possession in that letter was premature and ineffective. The only demand for possession made after termination of the lease was made in the letter of October 12, 1977, which demand was made after the date that the dispossessory warrant was sworn to and therefore, the dispossessory warrant was sworn to prematurely. The trial court was correct in rendering judgment in favor of defendant and against plaintiff.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED APRIL 5, 1978 — DECIDED JUNE 22, 1978.

*Parks, Jackson & Howell, Lenwood A. Jackson, Alfred J. Turk, III,* for appellant.
*Dennis Goldstein,* for appellee.