## 56650. JONES v. ATLANTA HOUSING AUTHORITY.

MCMURRAY, Judge.

This is an action on a dispossessory warrant. Defendant Jones leased a dwelling unit from plaintiff, "The Housing Authority of the City of Atlanta, Georgia." On March 18, 1977, plaintiff advised defendant of its decision to terminate defendant's lease due to her alleged violation of paragraphs 6 (f) (viii) (by engaging in any act which subjects the property of the landlord or the owner or others to unreasonable risk of damage), and 6 (i) (failing to comply with all obligations imposed upon tenants by applicable provisions of building and housing codes materially affecting the health and safety), and demanding that she vacate the premises within 30 days. On April 19, 1977, another letter was sent to defendant advising her that the lease would be terminated because

of her violation of paragraph 6 (e) (keeping a cat in a dwelling unit) of the dwelling lease agreement. Another letter also dated April 19, 1977, notified defendant of the termination of the lease due to violation of paragraph 3 (a) (failure to pay a security deposit as provided under the lease).

On April 29, 1977, plaintiff filed this action predicated on defendant's violation of paragraph 6 (f) and paragraph 6 (i). On May 26, 1977, a further dispossessory warrant was sworn predicated upon defendant's violation of paragraph 6 (e) of the lease and on July 12, 1977, a third dispossessory warrant was sworn predicated upon defendant's failure to pay sums owed the plaintiff. The second and third dispossessory warrants were later voluntarily dismissed.

Prior to trial the court considered and denied defendant's motion to dismiss. The jury returned a verdict in favor of the plaintiff and the defendant appeals enumerating as error the trial court's denial of defendant's motion to dismiss. The defendant contends on this appeal that (1) plaintiff's voluntary dismissals of the second and third dispossessory warrants operated as an adjudication on the merits under Code Ann. § 81A-141 (a) (Ga. L. 1966, pp. 609, 653); (2) the 30 days notice of termination was improper notice as 60 days notice to terminate was required; and (3) the March 18, 1977, notice of termination of the lease was no longer in effect when this (the first) dispossessory warrant was filed due to the notices dated April 19, 1977. *Held:*

1. Although the second and third dispossessory warrants filed against this defendant sought the same remedy they were not based on nor did they include the same claim within the meaning of Code Ann. § 81A-141 (a), supra. The second and third dispossessory warrants were predicated upon distinct and separate violations of the lease between the parties, therefore, they were not based on the same claim. There have not been two prior voluntary dismissals based on or including the same claim, therefore, this contention of error is without merit.

2. Defendant's remaining two enumerations of error raise contentions that plaintiff's notices of its decision to

terminate defendant's lease were improper and ineffective. No issue regarding a demand for possession is raised so that cases such as *Housing Authority v. Berryhill,* 146 Ga. App. 374 (246 SE2d 406); *Wig Fashions, Inc. v. A-T-O Properties,* 145 Ga. App. 325 (243 SE2d 526); and *Wilensky v. Agoos,* 74 Ga. App. 815, 818 (1) (41 SE2d 565), would be applicable. These cases are not controlling here.

These two enumerations of error are predicated upon the supposition that she became a tenant at will entitled to the notice of termination consistent with that status. This is not correct. Defendant was a tenant under the lease who after breaching the terms of the lease and receiving the 30 days notice of termination as required under the terms of the lease became at the expiration of the 30 days a tenant at sufferance. The letter of March 18, 1977, effectively terminated defendant's lease at the end of the notice period. The fact that, after defendant's 30-day notice period ended and she became a tenant at sufferance, she received further letters advising her of termination of the lease on other grounds and stating a notice period for these other violations, did not alter her status as a tenant at sufferance, the lease having expired under its terms and pursuant to the letter of notice on March 18, 1977. There was nothing to be revived by the later letters. Defendant's contentions being predicated upon her alleged status as tenant at will and such status not existing, defendant's remaining enumerations of error are without merit.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED OCTOBER 16, 1978 — DECIDED JANUARY 5, 1979.

*Hirsch Friedman, Arnold Cooperman,* for appellant.
*Parks, Jackson & Howell, Alfred J. Turk, III, Lenwood A. Jackson,* for appellee.