## 60642. WHIPPER v. KIRK.

McMurray, Presiding Judge.

James C. Kirk, as landlord, and J. S. Whipper, as tenant, entered into a written contract for the rental of residential property located at a certain street address in Albany, Georgia, commencing February 11, 1978, and terminating on notice as hereinafter set forth. The rent was $110 per month. A special stipulation was that the tenant was to be given 60 days' notice in the event the landlord wanted the property vacated. Whipper admits that on January 22, 1980, he received a letter advising that the rent was delinquent "as of January 1, 1980, in the amount of $135.00." This was a demand letter by Kirk's counsel for "immediate possession of said property on behalf of the Land Lord," and stating further that unless the rent was promptly paid or the premises vacated, dispossessory proceedings would be filed. The letter also contained the following: "Not withstanding the above, Mr. Kirk advises us that he desires to terminate the tenancy, and you are

hereby notified that you have 60 days from the receipt of this letter to vacate the premises."

On February 5, 1980, the landlord filed a dispossessory proceeding against the tenant for holding over; that is, having failed to pay rent, was indebted to the owner in the amount of $270, and refused possession upon demand.

A summons issued, and the defendant tenant answered, admitting he was in possession as tenant of the property but otherwise denied that he failed to pay rent or that possession of said premises had been demanded. He also answered that he had no knowledge that the plaintiff was the owner of the property. Certain affirmative defenses were also made as to lack of jurisdiction of the person (improper service) and subject matter. Further, the plaintiff was required to make repairs and had failed and refused to do so. On February 11, 1978, the rent was increased to $115; thereafter increased to $120 per month, again to $125, and on December 1, 1979, to $135 per month. A written request for repairs had been made upon the plaintiff on June 4, 1978; plaintiff refused to repair; another written request for repairs had been submitted to plaintiff's agent on September 5, 1978, and some repairs were made; another written request for repairs was made on December 14, 1978, and plaintiff had refused to make said repairs but responded by filing a dispossessory warrant. An amendment contended defendant was forced to make repairs and to pay others to make repairs.

A counterclaim sought damages for the diminished value of the premises, the result of plaintiff's failure to adequately maintain the premises; inadequate notice of the rental increase; plaintiff's intentional refusal to comply with requirements with reference to security deposits as set forth in Code Ann. Ch. 61-6 so as to entitle tenant to treble damages and attorney fees. The defendant tenant sought the dismissal of the proceedings with costs assessed against the plaintiff, damages to be awarded to him for rent paid to plaintiff above the diminished value of the premises; three times the amount of the security deposit of $165, and reasonable attorney fees; and for such other and further relief as the court may deem just and proper.

The defendant having contended that there was no rent due, the plaintiff moved the court to set a date, place and time for a hearing to require the defendant to show cause as to why he should not pay all rent into the registry of said court as due since the dispossessory proceedings and to pay all rent allegedly owed prior to the dispossessory proceedings. Defendant in turn moved to have the court hold all payments in the registry of the court until such time as plaintiff fulfills his duty to make repairs and to make the premises in question habitable.

Plaintiff then made a request for admissions as to the contract by and between the parties dated February 11, 1978, and as to the letter dated January 22, 1980, demanding immediate possession unless the rent, delinquent as of January 1, in the amount of $135, be promptly paid. Both the letter and the agreement were admitted as to the genuineness of same.

By amendment on May 8, 1980 (filed on May 9, 1980), plaintiff added that in addition to the non-payment of the rent defendant was notified on January 22, 1980, that he had 60 days from receipt of said notice to vacate the premises, the 60 days not having elapsed at the time the original dispossessory proceeding was filed, "the purpose of this amendment is to seek possession of the premises on the grounds that 60 days notice has been given to defendant terminating the tenancy." Plaintiff prayed for a writ of possession based upon this amended affidavit and amendment to his proceeding against the tenant holding over.

A rule nisi issued for a hearing on May 22, 1980, dated May 8, 1980. Plaintiff has also sought judgment for the sum of $675 which had been paid into the registry of the court and asked that same be disbursed in full or in part to the plaintiff. Defendant in opposition thereto contended the plaintiff was attempting to deny his right to a jury trial and to dispossess him in retaliation for assertion of his constitutional and statutory rights to demand that plaintiff make repairs to the premises and that the motion for writ of possession be dismissed.

A hearing was held after notice and rule nisi, based upon admissions on file in the case. The trial court ruled that the premises were being held over and beyond the term for which same were rented and issued a writ of possession in favor of the plaintiff against the defendant, retaining jurisdiction of the remaining issues raised by the defendant's answer. By separate order the court also awarded the plaintiff the sum of $575 which had been paid into the registry of the court. Attached to this order was a copy of a check issued by the clerk of the superior court payable to the order of the plaintiff in the sum of $575.

An application for interlocutory appeal was granted, and defendant appeals. *Held:*

1. The answer filed by the defendant denies several material allegations of plaintiff's petition, including the existence of any indebtedness to plaintiff arising from unpaid rent. The answer also denies any demand for possession of the premises by plaintiff and raises certain affirmative defenses including an allegation that the dispossessory proceedings have arisen from the defendant's assertion of the landlord's duty to keep the premises in repair. Defendant's

counterclaim presents additional issues. Under the provisions of Code § 61-303 (as amended Ga. L. 1970, pp. 968, 969; 1971, pp. 536, 537; 1976, pp. 1372, 1377), a tenant who has filed his answer in a dispossessory proceeding is entitled to have the case placed upon the trial calendar so that a trial of the issues may be had in accordance with the procedure prescribed for civil actions in courts of record. Additionally, defendant's answer contained a request for jury trial. A tenant is also allowed to remain in possession pending final outcome of the litigation.

It is contended that under the latest interpretation of Code Ann. Ch. 61-3, as amended, the payment of rent prevents the issuance of writ of possession only upon the non-payment of rent thereafter as the defendant may remain in possession pending the final outcome of the litigation. Code Ann. § 61-303, supra. It is argued that a new demand for possession could only be made after termination of the lease. See *Wilensky v. Agoos,* 74 Ga. App. 815, 818 (1) (41 SE2d 565); *Wig Fashions v. A-T-O Properties, Inc.,* 145 Ga. App. 325 (243 SE2d 526); *Housing Authority of Atlanta v. Berryhill,* 146 Ga. App. 374, 375 (246 SE2d 406). Defendant contends the proceedings having begun on February 5, 1980, as to non-payment of rent, it would be premature for the court to grant a writ of possession so long as this defendant pays rent into the court.

However, a rule nisi has issued following the amendment to the complaint as to the tenant holding over "beyond the term for which the same were rented" or leased to him, inasmuch as the tenant had been given 60 days' notice on January 22, 1980, in accordance with the lease agreement. This amendment and affidavit involves a second request for a writ of possession.

It is noted that the defendant admitted he had received the 60 day notice, dated January 22, 1980, and it is clear that the 60 day period has now elapsed although it had not elapsed at the time the original dispossessory proceeding was filed. But the demand for possession made in the letter of January 22, 1980, was made prior to the termination of the lease or right of possession thereunder. Demand for possession should be made upon or after the termination of the lease contract, and no such demand has been made other than the 60 day notice. See *Wilensky v. Agoos,* 74 Ga. App. 815, 818 (1), supra; *Wig Fashions v. A-T-O Properties, Inc.,* 145 Ga. App. 325, 326, supra, and cases cited therein, that a proper demand for possession is a condition precedent to the right of a landlord to dispossess. The trial court erred in granting the writ of possession.

2. Defendant was also given notice of plaintiff's intention to bring on for hearing at the same time plaintiff's motion for disbursement of the rent which had been paid into the registry of the

court. Notice given to the defendant was of a motion hearing and did not amount to a call for trial on the merits. The trial court was not authorized at that hearing to determine the issue as to the amount of rent due or to render a judgment on the merits. There was no admission that any rent was due the plaintiff. See in this connection *Jelks v. World of Realty,* 153 Ga. App. 720, 722 (3) (266 SE2d 357). The order of the trial court for the disbursement of $575 of the sum of $675 paid into the registry of the court was erroneous as this issue remains in controversy here. See *Dougherty v. Taylor & Norton Co.,* 5 Ga. App. 773 (63 SE 928); *Henley v. Brockman,* 124 Ga. 1059 (5) (53 SE 672); *Roberson v. Weaver,* 145 Ga. 626 (1, 4) (89 SE 769); *Powers v. Simmerson,* 142 Ga. App. 335, 336-337 (1) (235 SE2d 769).

*Judgment reversed. Smith and Banke, JJ., concur.*

SUBMITTED SEPTEMBER 5, 1980 — DECIDED OCTOBER 24, 1980.

*S. L. Tucker,* for appellant.
*Adie N. Durden, Jr.,* for appellee.