## 59758. METRO MANAGEMENT COMPANY v. PARKER.

SHULMAN, Judge.
Plaintiff-landlord brought a dispossessory action against defendant-tenant on the ground that the tenant failed to timely pay rent. In addition, plaintiff sought compensatory damages in the amount of rent past due, late charges and court costs. In answer to plaintiff's complaint, defendant alleged that plaintiff's failure to terminate its lease agreement with the defendant prior to its demand for possession of the premises (a condition precedent to the right of the landlord to dispossess) precluded the issuance of a dispossessory warrant to plaintiff. From the grant of defendant's motion for summary judgment, plaintiff appeals. We affirm.

"A demand upon the tenant to deliver possession of premises to the landlord *is a condition precedent* to the right of the landlord to dispossess. [Cits.] 'Demand for possession should be made upon or after the termination of the lease contract. [Cit.]' " (Emphasis supplied.) *Housing Auth. of Atlanta v. Berryhill,* 146 Ga. App. 374 (246 SE2d 406); *Baker v. Housing Auth. of Savannah,* 152 Ga. App. 64 (2) (262 SE2d 183). See also Code Ann. § 61-301.

Since it is undisputed that plaintiff did not terminate its lease with the defendant either on or before demand for possession was made, the issuance of a dispossessory warrant to plaintiff-landlord was not authorized. See *Housing Auth. of Atlanta v. Berryhill,* supra. See also *Wig Fashions, Inc. v. A-T-O Properties, Inc.,* 145 Ga. App. 325 (243 SE2d 526). The trial court therefore correctly granted defendant's motion for summary judgment.

*Judgment affirmed. Deen, C. J., Quillian, P. J., Banke and Birdsong, JJ., concur. McMurray, P. J., Smith, Carley and Sognier, JJ., dissent.*

ARGUED APRIL 10, 1980 — DECIDED NOVEMBER 14, 1980 — REHEARING DENIED DECEMBER 4, 1980 — 

*J. Steven Cheatwood,* for appellant.
*James A. Gober,* for appellee.

MCMURRAY, Presiding Judge, dissenting in part.

This action began in a Justice of the Peace Court as a dispossessory proceeding with reference to a tenant in possession holding over under a rental lease of an apartment and premises for failing to pay rent now due in the sum of $293, which includes late charges. The affidavit sworn to on July 11, 1979, contends that the tenant had been given lawful notice to vacate said apartment and premises and refused the demand for possession of said apartment and premises. A summons issued and same was served by attaching a copy of same to the "front door and wall" of said premises.

The defendant answered on July 25, 1979, the last day to open the default and answer, denying the claim by opening his default as a matter of right, adding defenses of no lawful notice to vacate the apartment and premises, no lawful demand for possession of the apartment and premises, admitting however that he was in possession as a tenant under a rental lease of the apartment and premises which had not been terminated, and he demanded a jury trial as to all issues raised. All pleadings were then filed in the Superior Court on August 1, 1979.

Plaintiff then amended its action seeking judgment for all rent which had accrued under the lease agreement, seeking the amount of $280 and all sums that accrue under the lease between the parties and all costs of this action.

Discovery was then instigated by both sides. Defendant admitted that plaintiff had demanded possessions of the premises on or about July 6, 1979, but contends that the lease had not terminated before this action commenced.

Both parties moved for summary judgment. In support of plaintiff's motion for summary judgment, it is contended that no rent or late charge was received from anyone for the rental of the apartment for the months of July or August, 1979, and that a $25 dispossessory fee has not been paid by the defendant. An affidavit in support of plaintiff's motion for summary judgment deposes that a true and correct copy of the lease is attached but same is not in the record either here or in the trial court (the clerk of the trial court has so advised). In response to an interrogatory to the defendant his sworn answer was that he vacated the premises on August 3, 1979, and

delivered the key to the premises to plaintiff on August 4, 1979. In response to an interrogatory to the plaintiff, plaintiff has answered that a new lease with a new tenant was signed September 8, 1979, and occupancy began September 15, 1979, with rental terms at the rate of $280 per month, the said lease to be from September 15, 1979, to August 31, 1980.

Plaintiff has again amended its action seeking, instead of $293, the sum of $566 against the defendant.

After a hearing as to the motions for summary judgment, the trial court held that there was no genuine issue as to any material fact and the defendant was entitled to judgment as a matter of law, denying plaintiff's motion for summary judgment and granting defendant's against the plaintiff, dismissing the complaint, with all costs "cast upon the Defendant." Plaintiff has appealed, contending the trial court erred in granting the motion for summary judgment.

The majority, based upon such cases as *Housing Authority of Atlanta v. Berryhill,* 146 Ga. App. 374 (246 SE2d 406); *Wig Fashions, Inc. v. A-T-O Properties, Inc.,* 145 Ga. App. 325 (243 SE2d 526), and *Baker v. Housing Authority of Savannah,* 152 Ga. App. 64 (2) (262 SE2d 183), has affirmed the judgment. These cases are all based upon an older decision of *Wilensky v. Agoos,* 74 Ga. App. 815, 818 (1) (41 SE2d 565). However, I have read with interest a dissent by my brothers based upon *Bussell v. Swift,* 50 Ga. App. 148, 149 (177 SE 277), which is in opposition to the majority holding.

I agree fully with the majority as to the cited cases, that a demand for possession should be made only upon or after termination of a lease contract. Plaintiff's affiant in an affidavit in support of the motion for summary judgment deposes that a copy of the lease was attached, but it is not found in the record either here or in the trial court. Consequently we have no way of knowing what the terms of the lease call for with reference to late charges and notice as was the case in *Wig Fashions, Inc. v. A-T-O Properties, Inc.,* 145 Ga. App. 325, supra, and *Housing Authority of Atlanta v. Berryhill,* 146 Ga. App. 374, supra.

However, I have a different view from my brothers of the majority as well as my brothers of the dissent in that the issue as to dispossession of the tenant is now moot. The tenant vacated the premises on August 3, 1979, and is no longer a tenant holding over. But by the amended pleadings of the plaintiff in the superior court it seeks a money judgment. An issue of fact remains as to the amount of rent due, if any, since the last amendment contends that the sum of $566 is now due under the lease, if there be such a lease. In my opinion, this action, while beginning as a statutory proceeding against a tenant holding over, which is in derogation of the common

law and must be strictly construed, nevertheless is now a claim for indebtedness. A case still remains for decision even though the dispossessory proceeding is now moot by reason of the tenant having departed the premises. I therefore cannot agree with the majority that the trial court correctly granted defendant's motion for summary judgment, inasmuch as the court dismissed the action, although with all costs being "cast upon the Defendant." Nevertheless, the claim for rent due remains for decision which is an issue made by the pleadings in this case.

I, therefore, respectfully dissent as I believe that an issue of material fact remains for jury determination, that is, not on the dispossessory proceeding but on the claim for rent. I again note that for some reason the lease itself is missing from this transaction completely, and we have no way to determine its contents.

CARLEY, Judge, dissenting.

I respectfully dissent from the majority's conclusion in this case that summary judgment was correctly granted in favor of the tenant solely because the landlord did not actually terminate the lease prior to making demand for possession. I completely agree with the majority's recitation of the established principle that a demand for *possession* is a condition precedent to the right of the landlord to commence proceedings against the tenant holding over under Title 61 of the Code. Here there is no dispute over the fact that the landlord made proper demand for possession prior to instituting the dispossessory proceedings. The only basis for attacking the validity of the dispossessory proceedings here is that the lease itself was not terminated.

It is my opinion that unless possession is sought by the landlord *on the basis of* the termination of the lease agreement, termination is not necessarily a condition precedent to the institution of dispossessory proceedings. Especially is this true in a case such as this where the basis of the landlord's action seeking possession of its premises is the nonpayment of rent. "When the [dispossessory proceeding] is based upon the failure to pay rent due, there is no statute that requires any notice from the landlord other than the demand for the possession of the property, as prescribed by [61-301]." *Bussel v. Swift,* 50 Ga. App. 148, 149 (177 SE 277) (1934). The majority cites *Housing Authority of Atlanta v. Berryhill,* 146 Ga. App. 374 (246 SE2d 406) (1978), and *Wig Fashions v. A-T-O Properties, Inc.,* 145 Ga. App. 325 (243 SE2d 526) (1978) as authority for holding that prior termination of the lease itself is indispensable to the viable maintenance of a dispossessory proceeding. However, these cases stand only for the proposition that if the right of

possession is based upon the termination of the tenancy, the termination must precede the demand for possession. As stated, the basis of the reacquisition of possession here is nonpayment of rent and not the termination of the lease.

If actual termination of the lease agreement were necessary before a landlord in a long term lease could remove from his property a tenant who would not—or, at that time, could not—pay his rent, the landlord would have to waive his otherwise existing right to sue the tenant for the rent due during the balance of the term less any rents obtained by leasing the premises to another party after the vacation of the defaulting tenant. "It is clear, however, from Georgia Code Annotated, section 61-301 that any tenant who is holding over beyond his term, and who has not become a tenant at will, *or any tenant who fails to pay rent when due,* would not have to be given a notice of termination of tenancy." (Emphasis supplied.) 19 EGL 309, Landlord and Tenant, § 86. The import of Code Ann. § 61-301 is that a demand for possession is *always* necessary—even when the tenancy has been terminated. See *Beveridge v. Simmerville,* 26 Ga. App. 373 (4) (106 SE 212) (1920); *Ginn v. Johnson,* 74 Ga. App. 35, 38 (38 SE2d 753) (1946); *Jett v. Wolfe,* 75 Ga. App. 155 (42 SE2d 505) (1947). However, a termination of the tenancy is not required in order for the landlord to recover possession because of the tenant's failure to pay rent when due. See *Harkins v. Boyd,* 136 Ga. App. 365 (221 SE2d 207) (1975); *Craig v. Day,* 92 Ga. App. 339 (88 SE2d 451) (1955); *Lanier v. Kelly,* 6 Ga. App. 738, 741 (65 SE 692) (1909).

For the above reasons, I believe that the trial court erred in granting summary judgment in favor of the defendant-tenant and I would reverse that judgment. Therefore, I respectfully dissent.

I am authorized to state that Judge Smith and Judge Sognier join in this dissent.