37135. METRO MANAGEMENT COMPANY v. PARKER.

GREGORY, Justice.

We granted certiorari in this case to consider whether the termination of a lease is a condition precedent to the institution of dispossessory proceedings under Code Ann. § 61-301, where

possession of the premises is sought on the basis of non-payment of rent, rather than on the basis of termination of the lease. The trial court and the Court of Appeals concluded that termination of the lease is required in these circumstances. See, *Metro Management Co. v. Parker,* 156 Ga. App. 686 (275 SE2d 826) (1980). We disagree and reverse.

The facts are undisputed. Appellee Parker entered into a lease agreement with Metro Management Company (Metro) to rent an apartment for $245 per month, due on the first day of each month. Parker failed to make a timely tender of the rent for the month of July, 1979, and on July 6, 1979 Metro demanded possession of the premises. Parker refused to relinquish the premises and on July 11, 1979 Metro obtained a dispossessory warrant from a justice of the peace, on the ground of non-payment of rent. Parker answered, alleging that he was not indebted to Metro and that the dispossessory warrant was invalid as Metro had failed to terminate the lease prior to making a demand for possession. On August 3, 1979 Parker vacated the premises.

This action was subsequently transferred to the Superior Court of DeKalb County. Both parties moved for summary judgment. The trial court granted Parker's motion and denied that of Metro. A majority of the Court of Appeals affirmed, finding that the issuance of the dispossessory warrant was not authorized, as Metro had failed to terminate the lease prior to making a demand for possession.

Code Annotated Chapter 61-3, entitled "Proceedings Against Tenants Holding Over," outlines the procedures to be followed when an owner of lands or tenements seeks to regain possession of them. Three separate grounds are set forth under which the landlord may elect to dispossess the tenant: (1) Where the tenant holds possession of the lands or tenements over and beyond the term of his lease; (2) the tenant fails to pay the rent when it becomes due and (3) where the lands or tenements are held and occupied by a tenant at will or a tenant at sufferance.[1]

In holding that, under Code Ann. § 61-301, when a landlord

---

[1] Specifically, Code Ann. § 61-301 provides:

"In all cases where a tenant shall hold possession of lands or tenements over and beyond the term for which the same were rented or leased to him, or shall fail to pay the rent when the same shall become due, and in cases where lands or tenements shall be held and occupied by any tenant at will or sufferance, whether under contract of rent or not, and the owner of the lands or tenements shall desire possession of the same, such owner may, by himself, his agent, attorney in fact or attorney at law, demand the possession of the property so rented, leased, held, or occupied; and if the tenant shall refuse or omit to deliver possession when so demanded, the owner, his agent or attorney at law or attorney in fact may go before the judge of the superior

seeks possession of the premises from a tenant who fails to pay rent, the landlord must first terminate the lease before he makes a demand for possession, the Court of Appeals relied on *Housing Auth. of Atlanta v. Berryhill,* 146 Ga. App. 374 (246 SE2d 406) (1978); *Baker v. Housing Auth. of Savannah,* 152 Ga. App. 64 (262 SE2d 183) (1979); and *Wig Fashions, Inc. v. A-T-O Properties, Inc.,* 145 Ga. App. 325 (243 SE2d 526) (1978).

In both *Berryhill and Baker,* the respective public housing authorities sought to terminate the tenants' leases under provisions in the leases which permitted termination for non-payment of rent. The Code of Federal Regulations, Title 24, Chapter VIII, Section 866.4 (1) (2) (i), states that when a public housing authority seeks to terminate a lease for failure to pay rent, the public housing authority must give the tenant 14 days notice to that effect. "The effect of this regulation is to allow the tenant a 14-day period before the landlord may take any legal action in the matter based on the termination." *Baker,* supra, at 64-5.

In *Berryhill,* supra, at 374, the public housing authority sent the tenant a letter on September 9, notifying him that "our lease agreement with you will be terminated fourteen (14) days from receipt of this letter and you must vacate your apartment within fourteen (14) days." The tenant refused to vacate and, on October 3, the housing authority swore out a dispossessory warrant against him. The tenant contested the dispossessory proceedings.

At trial the housing authority urged that the letter of September 9 constituted a demand for possession of the premises which would satisfy Code Ann. § 61-301. Both the trial court and the Court of Appeals disagreed, finding that the demand for possession made in the letter of September was sufficient "only if at the time of that demand the lease was terminated." *Berryhill,* at 375.

The Court of Appeals correctly held that the notice of termination could not also serve as a demand for possession under Code Ann. § 61-301, not because in every instance of non-payment of rent the landlord must terminate the lease before making a demand for possession, but because under the Federal Regulations the landlord does not have the right to possession of the premises during the 14-day grace period. Furthermore, the landlord is prohibited from taking any legal action against the tenant during this time,

---

court or any justice of the peace and make oath to the facts."

See also, *Ralls v. E. R. Taylor Auto Co.,* 202 Ga. 107 (42 SE2d 446) (1947), for the proposition that the grounds set out in § 61-301 are independent; and, *Brinson v. Ingram,* 120 Ga. App. 271 (2) (170 SE2d 39) (1969), (affidavit seeking dispossessory warrant defective if it alleges more than one ground in the alternative).

including make a demand for possession.

In *Baker,* supra, the Court of Appeals found that the demand for possession was proper when made one day after the 14-day grace period had run. We agree with this result. Under the facts of these two cases, the housing authority did not have a legal right to make a demand for possession until the expiration of the 14-day period, at which time termination of the lease became effective. Once the lease has been terminated, a tenant who refuses to vacate becomes a tenant holding over, and a demand for possession may properly be made on him under Code Ann. § 61-301.

In the third case on which the Court of Appeals relies, *Wig Fashions, Inc. v. A-T-O Properties, Inc.,* 145 Ga. App. 325, supra (1978), the lease required that, should any liens be filed against the leased shopping mall because of the tenant's acts or omissions, the tenant would have 10 days to discharge the liens or be in default. On April 15 the landlord notified the tenant by letter that there was an outstanding lien on the property which, if not discharged within 10 days of receipt of the letter, would result in termination of the lease. The letter also demanded possession of the premises on the 11th day following receipt of the letter should the lien not be discharged. The tenant failed to discharge the lien, and the landlord instituted dispossessory proceedings. The matter went to trial and the jury returned a verdict in favor of the landlord. The Court of Appeals reversed, again invoking the rule that "[d]emand for possession should be made upon or after the termination of the lease contract," *Wig Fashions, Inc.* at 326. The Court of Appeals concluded that the demand for possession contained in the April 15 letter was sufficient only if, at the time of the demand, the lease had been terminated.

When the tenant failed to discharge the lien within 10 days, the landlord had the right, created by the lease itself, to terminate the lease. Once the landlord terminated the lease and the tenant refused to vacate, the tenant became a tenant holding over beyond the term of his lease. The landlord had the right, at that point, to institute dispossessory proceedings against him under Code Ann. § 61-301 by making a demand for possession. Any demand for possession made in the April 15 letter was ineffective because, under the lease, the tenant had the right to remove the lien by April 25 and remain in possession of the property. Prior to April 26, a demand for possession would have been premature, as the tenant did not become a hold-over until that date.

The case on which all of the foregoing Court of Appeals' decisions rely for the proposition that a demand for possession is ineffective under Code Ann. § 61-301 unless the lease has been terminated, is *Wilensky v. Agoos,* 74 Ga. App. 815 (41 SE2d 565)

(1947). There the landlord and tenant had a lease which ran from year to year, expiring on August 20. The landlord desired possession of the premises, a warehouse, for his own use. On June 20 the landlord sent a letter to the tenant, advising him that the landlord could, under the terms of the lease, terminate the lease at that time because the tenant had failed, as required by the lease, to let the landlord enter the premises to make repairs. The landlord stated that he waived his right to terminate the lease on this basis, but notified the tenant that he would take possession of the premises on August 20. The tenant refused to vacate on August 20 and the matter went to trial. The jury returned a verdict for the landlord which the Court of Appeals reversed, finding that the June 20 letter was not a sufficient demand for possession because it was "written . . . 60 days before the termination of the rental contract. The demand for possession should have been made upon or after the termination of the least [sic] contract, for the statute provides where a tenant shall hold possession of lands or tenements over and beyond the term for which the same were rented or leased to him, or shall fail to pay the rent when the same shall become due, the owner may demand the possession of the property so rented." *Wilensky,* at 818.

Since *Wilensky,* the Court of Appeals has interpreted this language to mean that termination of the lease must precede a demand for possession regardless of whether possession is sought on the basis of the tenant holding over or on the basis of failure to pay rent when due. We conclude that this interpretation is too broad.

In *Wilensky,* the landlord waived any right he had to terminate the lease at the time of his June 20 letter, and by that letter he gave notice of termination of the lease on August 20. Not until August 21 did the tenant become a tenant holding over beyond his term. Thus, until August 21, any demand for possession under Code Ann. § 61-301 would be premature. Under the facts in *Wilensky,* the Court of Appeals correctly held that the demand for possession should have been made after the termination of the lease. We do not, however, think that the court meant to require that the landlord terminate the lease prior to making a demand for possession for non-payment of rent.

Rather, the import of this opinion is that, in every case, a timely demand for possession is a condition precedent to the institution of dispossessory proceedings under Code Ann. § 61-301. The court notes that a demand for payment of rent or a debt is not timely unless "made after the rent or debt becomes due." *Wilensky* at 819, citing *Favors v. Johnson,* 79 Ga. 553, 555 (4 SE 925) (1887); *Anderson v. Beard,* 54 Ga. 137 (1876); and *Gilbert v. Marshall,* 56 Ga. 148 (1876). Likewise, a demand for possession based on non-payment of rent

would not be timely under Code Ann. § 61-301 unless the rent had fallen due and the tenant had failed to make payment.

Under Code Ann. § 6-301 there is no express requirement for termination of the lease before making a demand for possession. If the ground for dispossession is that the tenant is a holdover, there is a requirement for termination of the lease simply to place the tenant in the status of a holdover. Where this requirement for termination exists, it must occur prior to the demand for possession. If the ground for dispossession is non-payment of rent, Code Ann. § 6-301 provides that a landlord may make a demand for possession when the tenant "shall fail to pay the rent *when the same shall become due.*" (Emphasis supplied.) This right exists apart from any right the landlord may have under a lease to terminate the lease for non-payment of rent. The statute does not impose a requirement that the landlord terminate the lease before instituting dispossessory proceedings where he does so solely on the basis of non-payment of rent. Rather, a close reading of Chapter 61-3 indicates that the intent of the legislature was to provide a landlord with a means to regain possession of premises from a tenant who fails to make timely payment of rent. Failure to pay rent is a separate ground from that of holding over beyond the term. It may exist during the term.

In *Bussell v. Swift,* 50 Ga. App. 148 (177 SE 277) (1934), cited by the Court of Appeals in *Wilensky,* supra, a landlord instituted dispossessory proceedings against a tenant for non-payment of rent. There the court said: "A demand upon a tenant to deliver possession to his landlord is a condition precedent to the right of the landlord to dispossess the tenant summarily under section 5358 of the Civil Code of 1910 [now Code Ann. § 61-301], 'Where the tenant is in arrears for rent, it is only necessary for the landlord to make affidavit of that fact and of a demand and a refusal to deliver, whereupon the warrant issues.' *Lanier v. Kelly,* 6 Ga. App. 741 (4) (65 SE 692). When the warrant to dispossess is based upon the failure to pay rent due, there is no statute that requires any notice from the landlord other than the demand for possession of the property . . . *Morris v. Battey,* 28 Ga. App. 90, 93 (110 SE 342)."

We hold that where the landlord seeks to institute dispossessory proceedings against a tenant on the basis of non-payment of rent, rather than on the basis of termination of the lease, he need not terminate the lease prior to making a demand for possession under Code Ann. § 61-301. Since, in this case, the landlord made a timely demand for possession prior to swearing out the dispossessory warrant, the Court of Appeals erred in holding that the issuance of the dispossessory warrant was not authorized.

*Judgment reversed. All the Justices concur, except Smith, J.,*

*who is disqualified.*

DECIDED MAY 26, 1981.

Marvin P. Nodvin, J. Steven Cheatwood, William A. Morrison, for appellant.

Arnall, Golden & Gregory, James A. Gober, for appellee.