65900. PERTILLO v. FOREST RIDGE LTD. et al.

QUILLIAN, Presiding Judge.

The tenant in this dispossessory proceeding, Shirley Pertillo, appeals from a judgment granting the landlord, Forest Ridge Ltd., possession of the premises and $440.

From the record and the trial judge's findings of fact, the following facts appear. The tenant was an employee of the landlord, pursuant to which relation they entered into a written rental agreement on August 16, 1982. On September 14, 1982, the tenant's employment was terminated and she was permitted to remain on the premises rent free until October 4, 1982, as part of her severance pay. Verbal notice of termination of the lease was given on September 4, 1982, and written notice was given on October 4, 1982. On November

5, 1982, the landlord filed a dispossessory warrant. On December 6, 1982, a hearing was held and on December 16, 1982, the trial judge entered findings of fact and conclusions of law, ruling for the landlord. *Held:*

1. Counsel for the tenant urges several reasons why it is contended that the dispossessory writ should not have issued. While we do not agree with the argument presented we do agree with the ultimate premise — that the trial court erred in entering judgment for the landlord.

The lease agreement between the parties provided as to the Term: "The initial term of this lease shall be *M -M,* beginning at 12 noon, *8 - 28, 1982* and ending at 12 noon, *Month to Month Employee, 1982.*"

The lease then stated: "Either party may terminate this agreement at the end of the initial term by giving the other party thirty (30) days written notice prior to the end of the term. If notice is not given, then this agreement will be extended on a month-to-month basis with all terms remaining the same until terminated, as of the last day of a calendar month, by either party upon thirty (30) days written notice."

Under these provisions it is clear that the notice must have been given 30 days before the end of the month it was desired to terminate the lease. Thus, when *written* notice as required by the contract was given on October 4, 1982, the lease would terminate effective the last day of November, 1982.

This case is controlled by *Housing Auth. of Atlanta v. Berryhill,* 146 Ga. App. 374, 375 (246 SE2d 406), wherein it was held: "A demand upon the tenant to deliver possession of premises to the landlord is a condition precedent to the right of the landlord to dispossess. 'Demand for possession should be made upon or after the termination of the lease contract.' The demand for possession contained in the letter of September 9, 1977, constituted a proper demand only if at the time of that demand the lease was terminated. The lease did not terminate until 14 days after defendant's receipt of the letter of September 9, 1977; therefore, any demand of possession in that letter was premature and ineffective. The only demand for possession made after termination of the lease was made in the letter of October 12, 1977, which demand was made after the date that the dispossessory warrant was sworn to and therefore, the dispossessory warrant was sworn to prematurely." (Citations omitted.)

Here, as in that case, at the time the dispossessory warrant was sworn to (here on November 5, 1982), the tenant was still entitled to possession and, therefore, a lawful demand could not have been made and the proceeding for possession was premature.

2. There is nothing to indicate that the monetary sum imposed for rent was not due and owing. Hence, that portion of the judgment finding $440 for the landlord will not be disturbed.

*Judgment affirmed in part and reversed in part. Sognier and Pope, JJ., concur.*

DECIDED MAY 6, 1983.

*Dorothy Webb Coprich,* for appellant.
*Bobby L. Cobb, Sharon Fowler,* for appellees.