Argued and submitted February 8, reversed March 20, 1985

KLAMATH HOUSING AUTHORITY,
*Respondent,*

*v.*

WEISER,
*Appellant.*

(84-0081; CA A32637)

697 P2d 227

Jan Perkins, Klamath Falls, filed the brief for appellant.

Robert D. Boivin, Klamath Falls, argued the cause for respondent. With him on the brief was Boivin, McCobb & Uerlings, P. C., Klamath Falls.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals the judgment entered in this FED action, ordering that she be evicted from public housing for unpaid rent. We reverse.

Plaintiff is a Public Housing Authority (PHA), providing public housing in the Klamath Falls area. Defendant entered into a lease for a four-bedroom dwelling unit in September, 1983. It is undisputed that, by February, defendant's rent was in arrears. Plaintiff sent three different notices to defendant, demanding that she pay the overdue rent and advising her that action would be taken if she failed to do so. The rent was not paid, and on March 21, 1984, this suit was initiated.

Tenants in public housing are entitled to due process of law before they may be evicted. *Rudder v. United States,* 226 F2d 51, 53 (DC Cir 1955). Due process protections for public housing tenants have been codified in the federal regulations. Under 24 CFR 866.4, certain provisions must be included in every lease entered into by a PHA and its tenants. The relevant provisions were incorporated into the lease in this case, providing, in pertinent part:

"(2)   That the PHA shall give written notice of termination of the lease of:

"(i)   14 days in the case of failure to pay rent;
"* * * * *

"(3)   That the notice of termination to the tenant shall state reasons for the termination, shall inform the tenant of his right to make such reply as he may wish and of his right to request a hearing in accordance with the PHA's grievance procedure." 24 CFR 866.4(1).

The regulations clearly require that a tenant be given 14 days from the time of the notice of termination in which to request a hearing or assert any defense she may have. During that time, the PHA may not terminate the lease or initiate eviction proceedings. *Metro Management Co. v. Parker,* 247 Ga 625, 278 SE2d 643 (1981). Defendant claims that plaintiff did not send her the notice required by the regulations and the lease.[1] On the other hand, plaintiff contends that the three

---

[1] Defendant also argues that the court erred in not determining for itself the

notices it sent, taken together, substantially complied with the federal requirement. We agree with defendant.

■ The first letter, dated February 21, reprimanded defendant for failing to report a change in income and indicated that her rent was overdue in the amount of $304. It further said that, if her rent was not paid by noon on February 24, she would be evicted. The second letter, dated March 6, stated that a recent inspection had disclosed damages to her dwelling of $1,014.92, for which she was to be held responsible. That letter also said that the overdue rent had increased to $402 and that she must pay it immediately or request a hearing within seven days, or else plaintiff would "take further legal action." The last notice, dated March 16, said that she must pay the rent in three days or the lease would be terminated.[2]

Defendant was not allowed the specific 14-day grace period that both the lease and the law require. Each of the three notices that she did receive threatened eviction or other unspecified legal action in as few as three, but not more than seven, days unless payment was made. Only one advised her of the right to a hearing. Each letter, on its face, appeared to be the last word on the matter.

■ The notices did not apprise defendant of the full extent of her rights. Rather, she was notified of three separate and independent time periods, none of which offered her the required opportunity to fight the termination. Because all three notices appeared to be final, each one necessarily conflicted with the other two. Plaintiff would have us take

---

amount of unpaid rent. She claims that eviction was not warranted, because the sum actually owed was quite low and was more than covered by the $140 that she had posted with the court. We need not address that argument, given our conclusion that plaintiff failed to comply with the 14-day notice requirement.

[2] Although it is not altogether clear, it appears that plaintiff attempted to comply with the notice requirements of the Oregon statutes relating to lease terminations. Under ORS 91.820(2), if rent is unpaid within seven days of its due date, the landlord may, on 72 hours written notice, terminate the lease and take possession as provided in ORS 105.105 to 105.165. Obviously, plaintiff's status as a PHA means that even strict compliance with the less demanding Oregon statutes would not have been enough in this case. Pursuant to the express terms of the lease, plaintiff was required to comply with the federal regulations. In any event, it is interesting to note that, in its brief, plaintiff contends that the first two notices were the important ones and that the third was immaterial. That contention is somewhat surprising, considering that the first two notices would appear to be in reverse order of what state law requires.

portions of each notice and, by tacking them together, hold that it complied with the regulation. The regulation is clear and unambiguous and does not permit compiling of a series of notices to meet its requirements.

Reversed.